## COMMONWEALTH *vs.* HENRY BRIGHÁM.

Worcester.    October 5. — 22, 1877.    ENDICOTT & LORD, JJ., absent.

Evidence that an officer, who had attached and left without objection certain property in a building, which he kept locked and occasionally visited to look after the property, delivered one of the keys of the same to the owner of other property stored therein, who was in no way connected with the defendant named in the writ on which the property was attached, and who did not carry on business in or otherwise occupy the building, does not, as matter of law, show an abandonment of the attachment.

An instruction that certain evidence was sufficient to authorize the jury to find a certain fact, made in response to a request by a party for a ruling that it was insufficient, is not in violation of the Gen. Sts. *c.* 115, § 5, prohibiting courts from charging juries with respect to matters of fact.

INDICTMENT for breaking and entering a certain building with intent to commit a larceny of goods therein belonging to one Keene.

At the trial in the Superior Court, before *Allen,* J., the government offered evidence that Keene was a deputy sheriff, and put in evidence a writ, by the return upon which it appeared that Keene attached the goods in question in the building, which was a mill, as the property of one Godfrey and one Marden.

It also appeared that Keene made the attachment by locking the door of the mill and taking into his custody two keys of the outside door; that the property was never put in charge of a keeper; and that Keene only went to the mill occasionally to look after the property, but continued to do so till after the time of the alleged larceny. It also appeared that, at the time of the attachment, the mill and certain machinery and tools therein were subject to a mortgage as personal property, and were subsequently sold under a power of sale to one Shippee; that, at or about the time of the sale, Keene delivered to Shippee one of the keys, and Shippee entered the mill occasionally and as often as he had occasion to do so, but did not occupy it for carrying on any business. The defendants named in said writ were the general owners of the property alleged to have been stolen, and the writ was duly entered in court, and the action was pending at the time of the alleged larceny. Keene testified that he occupied the mill until after the time of the alleged larceny as a storehouse for keeping the attached property, among which was

the property in question, and that his occupation was exclusive with the exception of the occupation by Shippee.

The defendant contended and asked the judge to rule that the delivery of one of the keys to Shippee under the circumstances would be an abandonment of his attachment, and that the government had failed to prove any sufficient ownership in Keene at the time of the alleged larceny.

The judge declined so to rule, but ruled that the evidence was sufficient to authorize the jury to find that the alleged ownership of the property by Keene had been proved.

The jury returned a verdict of guilty of simple larceny; and the defendant alleged exceptions.

*T. G. Kent*, for the defendant. 1. The alleged owner of the stolen property had no title to it at the time of the larceny. His title depended upon the preservation of his attachment. An officer must have the actual possession and custody of property attached. *Lane* v. *Jackson*, 5 Mass. 157, 163. It is true that putting in a keeper is sufficient; *Train* v. *Wellington*, 12 Mass. 495; so, if the officer locks up the property. *Denny* v. *Warren*, 16 Mass. 420. *Gordon* v. *Jenney*, 16 Mass. 465, 469. But, in such a case, his possession and custody must be exclusive. He cannot make a valid attachment by taking away one key and leaving another in the door. By so doing, he abandons the attachment. *Bagley* v. *White*, 4 Pick. 395. *Carrington* v. *Smith*, 8 Pick. 419. *Sanderson* v. *Edwards*, 16 Pick 144. As matter of law, therefore, the uncontested facts in this case showed an abandonment of the attachment, and the instruction requested should have been given.

2. If the question whether the officer had abandoned the attachment was one of fact for the jury, the ruling, " that the evidence was sufficient to authorize the jury to find that the alleged ownership of the property by Keene had been proved," was an expression of opinion as to the proof of ownership, and was in violation of the Gen. Sts. *c.* 115, § 5. *Commonwealth* v. *Barry*, 9 Allen, 276.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth.

COLT, J. In the prosecution of offences relating to or affecting real or personal property, it is sufficient to prove that the

person alleged to be the owner had actual or constructive possession, or had general or special property in the whole or any part thereof. Gen. Sts. *c.* 172, § 12.

At the time of the alleged larceny, the attaching officer had special property in and possession of the goods stolen, and was correctly described as the owner, unless before that time he had lost his title and possession by an abandonment of his attachment. Whether there has been in any given case an abandonment of an existing attachment, is ordinarily a question of fact to be submitted to the jury with proper instructions. *Gordon* v. *Jenney*, 16 Mass. 465, 469. In the case at bar, the facts relied on do not, as matter of law, show an abandonment. The court properly declined to rule that the delivery of one of the keys of the building in which the property was stored, to the owner of other personal property stored in the same building, would be such abandonment. The goods attached remained without objection in the mill where they were attached, but the building was kept locked and the keys were taken by the officer, who occasionally visited the place to look after the property. He afterwards delivered one of the keys to an owner of part of the machinery in the mill, who was in no way connected with the defendants named in the writ on which the property was attached, and who did not carry on business in or otherwise occupy the mill. There was evidence that the officer occupied the mill as a storehouse at the time of the larceny, and that his occupation was exclusive except as above stated.

If the delivery of one of the keys of the mill to a third party under these circumstances had any tendency to show an abandonment, it is enough that the circumstance was submitted to the jury with the other evidence bearing on the question, with instructions which do not appear to have been objected to. *Train* v. *Wellington*, 12 Mass. 495. *Bagley* v. *White*, 4 Pick. 395. *Boynton* v. *Warren*, 99 Mass. 172.

The ruling of the court, " that the evidence was sufficient to authorize the jury to find that the alleged ownership of the property by Keene had been proved," made in direct response to a request by the defendant for a contrary ruling, cannot be treated by him as a violation of the statute which forbids the court to charge the jury with respect to matters of fact; with

equal propriety it might be claimed that a ruling in favor of the admissibility of any specific item of evidence was such violation. The statute cannot receive such an unreasonable interpretation. Gen. Sts. *c.* 115, § 5. *Exceptions overruled.*