THOMAS Z. LEE & others, assignees, *vs.* HARRY G. FISK. & others, administrators.

Hampden.   September 28, 1915. — October 13, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Corporation,* Preferred stock, Right to dividends.  *Survival of Actions.  Assignment.  Words,* "Maliciously induce."

If a holder of preferred stock in a corporation has a right of action against a person, who was the treasurer and a director of the corporation, for maliciously inducing and causing the corporation not to declare a dividend on its preferred stock, such right of action is a personal one and not one for damage to real or personal property within the meaning of R. L. c. 171, § 1, and, not being within any of the personal causes of action mentioned in that statute, does not survive the death of the wrongdoer.

Where certain holders of preferred stock in a corporation deposit their stock certificates with a "committee" who are appointed their agents and attorneys and are "fully authorized and empowered to take such proceedings, to give such directions, to execute such papers, to bring suits and actions, whether

under the common law or under any federal or State statute, to purchase or secure title to the property of the company, and to do such acts as the committee shall from time to time consider essential for the protection of the rights and interests of the depositors," these words, accompanied by the act of each stockholder in depositing his stock certificate, do not constitute an assignment of a right of action in tort for damages for a wrong done to each individual stockholder.

A right of action in tort for damages arising from the violation of a personal right is not assignable.

TORT by the members of a committee of the holders of the preferred stock of the Knox Automobile Company, a corporation, against the administrators of the estate of Alfred N. Mayo, late of Springfield, who at the time of the acts complained of and until his death on June 26, 1912, was the treasurer and a director of the Knox Automobile Company. Writ dated June 30, 1914.

The declaration, after alleging contracts of the corporation to pay dividends to its preferred stockholders from the net proceeds in its hands, alleged, among other things, "that said Mayo, with full knowledge of the existence of such contracts, of the amount of net proceeds as aforesaid, and of said obligations of said Knox Automobile Company, and without justifiable cause, did maliciously induce and cause said Knox Automobile Company to violate its said contracts with the plaintiffs' assignors and its said obligations to them by neglecting and refusing to declare and pay all accrued dividends on said preferred stock, and to apply the remaining net proceeds over and above such amount as should be set apart by the directors as surplus, as aforesaid, or any part thereof, to the redemption of said preferred stock, and by neglecting and refusing to call for redemption any of said preferred stock, and that, pursuant to such action of said Mayo, said company neglected and refused, and continued to neglect and refuse to declare or pay such dividends, or to apply any part of said net proceeds to the redemption of preferred stock, or to call for redemption any of said preferred stock until said net proceeds were dissipated and it became impossible for said company to perform its said obligation." Other allegations of the declaration are described in the opinion.

The defendants demurred to the declaration.

The case came on to be heard upon the demurrer by *Jenney,*

J., who made an order sustaining the demurrer, and, being of the opinion that the questions raised so affected the merits of the controversy that the correctness of his decision ought to be determined before the entry of judgment for the defendants, reported the case for determination by this court, such order to be entered as might be determined to be proper.

*W. H. Garland,* (*R. F. Hooper* with him,) for the plaintiffs.

*C. H. Beckwith,* for the defendants.   •

PIERCE, J. Before July 31, 1910 [in 1907], in accordance with the provisions of an amended agreement of association, the Knox Automobile Company entered upon a plan of reorganization whereby the company issued to its creditors preferred shares of stock. One of the terms, conditions and obligations under which this stock was issued, as appears upon the certificates representing such shares, was that "The holder of this certificate is entitled to receive in each year out of the surplus net proceeds of the corporation a dividend of eight (8) per centum, per annum, payable four (4) per cent semiannually on the first days of May and November of each year, unless other days are specified in the by-laws, before any dividend shall be set apart and paid on the common stock, but they shall not be entitled to any further dividend. The dividends upon the preferred stock shall be cumulative so that if in any year dividends amounting to eight (8) per cent are not paid on the preferred stock, the deficiency shall be paid subsequently before any of the net proceeds can be applied for the redemption of the preferred stock as hereinafter provided, or before any dividends are paid on the common stock."

The preferred stock is subject to be redeemed.

These provisions provided for cumulative dividends, for redemption of the stock and for distribution of assets in case the corporation went into liquidation. We assume that the agreement of association was lawfully amended and that the statement of the preferential rights and obligations appearing on the back of the certificates were there placed upon the authority of and in compliance with the provisions of St. 1903, c. 437, §§ 26, 27. As between the stockholders and the company these provisions were obligatory and constituted a contract governing the division of profits and assets (*Page* v. *Whittenton Manuf. Co.* 211 Mass. 424), but before a declaration of dividend did not operate to create

between the corporation and the preferred stockholders the relation of debtor and creditor. *Williston* v. *Michigan Southern & Northern Indiana Railroad,* 13 Allen, 400. *Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388. *Boston Safe Deposit & Trust Co.* v. *Adams,* 219 Mass. 175.

The right of preferred and common stockholders to a declaration of dividend is one of exclusive equitable cognizance and will not be declared unless the board of directors are found to have acted in bad faith or in plain violation of the stockholders' rights. *Barnard* v. *Vermont & Massachusetts Railroad,* 7 Allen, 512. *Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388.

The declaration alleges, and upon this hearing it must be assumed to be true, "That at the end of the fiscal year of said company ending July 31, 1910, said company had on hand net proceeds, after deducting the amount of all dividends accrued on said preferred stock up to said date (no dividends having been authorized upon the common stock), amounting to nearly $500,000, to wit, approximately $466,596.24, and that said company still retained, until long subsequent to November 1, 1910, substantially the said amount or a greater amount of net proceeds."

The declaration further alleges: "That prior to the end of the fiscal year ending July 31, 1911, the said net proceeds became wholly dissipated and it became impossible to apply or use any part thereof for dividends or for the redemption of preferred stock of said company," and that "the defendants' intestate, Alfred N. Mayo, at the time of the acts and things herein complained of and from January 1, 1909, until his death, June 26, 1912, was treasurer and a director of said Knox Automobile Company, duly elected and qualified, and was substantially in full control of the management of the business, affairs and finances of said company. That said Mayo, with full knowledge of the existence of such contracts, of the amount of net proceeds as aforesaid, and of said obligation of said Knox Automobile Company, and without justifiable cause, did maliciously induce and cause said Knox Automobile Company to violate its said contracts with the plaintiffs' assignors and its said obligation to them by neglecting and refusing to declare and pay all accrued dividends on said preferred stock, and to apply the remaining net proceeds over and above such amount as should be set apart by the directors as surplus, as

aforesaid, or any part thereof, to the redemption of said preferred stock, and by neglecting and refusing to call for redemption any of said preferred stock, and that, pursuant to such action of said Mayo, said company neglected and refused, and continued to neglect and refuse to declare or pay such dividends, or to apply any part of said net proceeds to the redemption of preferred stock, or to call for redemption any of said preferred stock until said net proceeds were dissipated and it became impossible for said company to perform its said obligation." The refusal of the company to declare dividends or to pay accrued dividends gave to the preferred stockholders a right to an action at law to recover the accrued declared dividends and a right to a suit in equity to have therein decreed an order and direction to the company to declare a dividend and to redeem the stock, upon its being made to appear that such order and direction rested upon and would follow equitable principles.

If it be assumed that the defendant Mayo, while acting in the capacity of treasurer and director of the corporation, was not a stranger to the corporation or to the preferred shareholders in the sense that it was unlawful for him to "induce and cause said Knox Automobile Company to violate its said contracts . . . and its said obligation to them by neglecting and refusing to declare and pay all accrued dividends on said preferred stock," knowledge of the preferred stockholders' real and inchoate rights did not serve to impose a duty of silence and inaction upon the principal officers and directors of the corporation. Indeed sound judgment and a proper regard for the welfare of the corporation, its creditors and stockholders might demand an opposition to such a declaration measured only by the ability of the officers and directors. Assuming that the allegation "did maliciously induce" was intended to have and does have a meaning likened unto a charge of spite, ill will, fraud or bad faith in contradistinction to its usual meaning of knowledge of the plaintiffs' rights and an unjustifiable interference therewith, the declaration states a case of Mayo's violation of the preferred stockholders' rights *in rem.* In this case the right of the holders of the preferred stock to have the directors act, should they so desire, with a judgment untainted by Mayo's corrupting influence, was a personal right, and Mayo's violation of this right was a personal

wrong to each of the several stockholders, for which damages might be awarded in an action of tort.

Before any action was brought Mayo died on June 26, 1912.

At common law such an action sounded purely in damages and died with the person. 1 Cyc. 60, and cases cited.

The action for malicious interference with contractual rights is not in terms saved by the provisions of R. L. c. 171, § 1. The damage was purely personal, not affecting real or personal property. To come within the saving provision of the statute there must have been an injury "to some specific personal estate, of which one may be an owner." *Read* v. *Hatch,* 19 Pick. 47. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Houghton* v. *Butler,* 166 Mass. 547.

This action in its nature is not distinguishable from that given for malicious prosecution, which last named action does not survive. *Nettleton* v. *Dinehart,* 5 Cush. 543.

On October 21, 1912, certain preferred stockholders, a list of whom is annexed to the report, deposited their stock with the plaintiffs who were as a "committee" irrevocably appointed the agents and attorneys of the depositors to act for each and every one of them and "in his or their name to vote at all meetings of the stockholders of said company with all powers such depositor or depositors would possess if personally present at said meetings." The committee were "fully authorized and empowered to take such proceedings, to give such directions, to execute such papers, to bring suits and actions, whether under the common law or under any federal or State statute, to purchase or secure title to the property of the company, and to do such acts as the committee shall from time to time consider essential for the protection of the rights and interests of the depositors."

The record contains no formal assignment of the stockholders' alleged rights to damages against Mayo or against his personal representatives.

We are of opinion that the words "and to do such acts as the committee shall from time to time consider essential for the protection of the rights and interests of the depositors" are not sufficiently definite or comprehensive to include an assignment of a claim for damages for a tortious wrong to each individual stockholder. Were it otherwise, the assignment, being of an action

*ex delicto* for damages arising from the interference with a purely personal right, would be invalid. *Rice* v. *Stone,* 1 Allen, 566. *Linton* v. *Hurley,* 104 Mass. 353. *Flynn* v. *Butler,* 189 Mass. 377, 389.

It follows that the demurrer must be sustained because the action did not survive and also because the right was not assigned or capable of assignment. As no amendment in form or substance can cure the defects in the plaintiffs' case, final judgment therein should be entered for the defendants; and it is

*So ordered.*