EUGENE A. BAILEY, executor, *vs.* TOM H. K. POWELL & others.

Middlesex. April 6, 1921. — May 28, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Survival of Action. Death. Fraud.*

In the declaration in an action against six defendants, the plaintiff alleged that the defendants conspired to defraud him by obtaining from him " an outright assignment of his rights and title " to certain letters patent, "said assignment being represented to the plaintiff by" two of the defendants "as an assignment in trust for the benefit of the said plaintiff; " that the instrument was obtained by threat of arrest; that "said outright assignment was recorded by the " same two defendants "in the United States Patent Office, although the transaction had never been completed or the declaration of trust executed; " and, in substance, that the plaintiff was induced to execute the absolute assignment, when he intended merely to make a transfer in trust, through deceit, duress and fraud practised by the defendants. The plaintiff in his declaration sought damages because he was deprived of the use and profit of the letters patent. The plaintiff

died after the action was brought. *Held,* that the action was not "for goods taken and carried away or converted, or for damage to real or personal property" within the meaning of G. L. c. 228, § 1, and did not survive the death of the plaintiff.

TORT, the plaintiff in the original writ being Benjamin W. Givens, and the defendants being Tom H. Kite Powell, Frank McDermott, Augustine J. Daly, Ruel W. Hussey, Charles W. Sherman and Rufus L. McDuffee. Writ dated April 23, 1917.

The entire declaration was as follows:

"And the plaintiff says that on or about the eleventh day of November, 1910, he was the true and lawful owner of an undivided half interest in and to Letters Patent of the United States No. 996077, and the defendants Frank McDermott and Augustine J. Daly before the suing forth of the plaintiff's writ, to wit: on or about the eleventh day of November, 1910, contriving and intending to cheat and defraud the plaintiff, fraudulently and unlawfully conspired and confederated with the defendants Powell, Hussey, Sherman and McDuffie, or one or more of them to injure, cheat and defraud the plaintiff by obtaining from the plaintiff an outright assignment of his rights and title to said Letters Patent, said assignment being represented to the plaintiff by said defendants Daly and McDermott as an assignment in trust for the benefit of the said plaintiff. That said assignment was obtained by threat of arrest and confinement made by said Daly and McDermott, or either of them, and said defendants Daly, McDermott and McDuffie or either of them, actually caused said plaintiff to be arrested and taken before the court on a charge which was later nolle prossed: That said defendant, McDuffie, testified against the plaintiff regarding said charge. That said outright assignment was recorded by the defendants Daly and McDermott in the United States Patent Office, although the transaction had never been completed or the declaration of trust executed. That said defendants conspired to, and succeeded in, obtaining the appointment of Ruel W. Hussey as the guardian of the plaintiff. That said defendants Daly and McDermott subsequent thereto and before the suing forth of the writ in this cause, executed a royalty license under the said Letters Patent to said defendant Thomas H. Kite Powell: And the said defendants Daly and McDermott conspiring and confederating with the defendants Powell, Hussey,

Sherman and McDuffie, or one or more of them, deprived the plaintiff of the use and enjoyment of said Letters Patent and from the profits therefrom up to the present and are continuing to do so.

"And the plaintiff says he was by the premises cheated, injured and defrauded to his great damage."

On April 27, 1918, the plaintiff died and on June 4, 1919, Eugene A. Bailey, the executor of his will, suggested his death and filed a motion to be admitted to prosecute the action. On August 29, 1919, the defendants Daly and Sherman moved to dismiss the action. The motion was heard by *Wait, J.,* on October 18, 1919, and he allowed the motion of the executor " for the purpose of saving any rights he may have," and granted the motion to dismiss because the action "does not survive the death of " the plaintiff. The executor claimed an appeal therefrom.

The defendants Daly and Sherman moved to dismiss the appeal " for the reason that no appeal lies from the order of the court granting these defendants' motion to dismiss." The motion was denied by *Wait, J.,* and the said defendants alleged an exception. The judge then reported for determination by this court the following questions:

" 1. Is this a cause of action which survives the death of the plaintiff?

" 2. Does an appeal lie from the allowance of the motion of the defendants to dismiss this action?

" 3. Is the said 'Claim of Appeal' one which the Superior Court must as a matter of law dismiss upon motion? "

The case was submitted on briefs.

*A. J. Daly & J. A. Daly,* for the defendants Daly and Sherman.

*F. A. Crafts,* for the plaintiff.

DE COURCY, J. Benjamin W. Givens, by writ dated April 23, 1917, sued the defendants in tort. The declaration is informal and obscure. It alleges that the defendants conspired to defraud him by obtaining from him " an outright assignment of his rights and title " to certain letters patent, " said assignment being represented to the plaintiff by said defendants Daly and McDermott as an assignment in trust for the benefit of the said plaintiff." It further alleges that the instrument was obtained by threat of arrest; and " That said outright assignment was recorded by the defendants Daly and McDermott in the United States Patent

Office, although the transaction had never been completed or the declaration of trust executed." Without reciting the incidental allegations, apparently the legal wrong of which the plaintiff complains is that by means of deceit, and perhaps duress, he was induced to execute an assignment which was absolute when he intended to transfer his interest in the patent to Daly and McDermott in trust for himself. The remedy sought is not the reformation or cancellation of the agreement, but damages for the deprivation of the use and profit of the letters patent. Givens died on April 27, 1918. Subsequently the motion of his executor to be substituted as party plaintiff was allowed, "for the purpose of saving any rights he may have." The action was dismissed on motion of two of the defendants. The controlling question of law raised by the report of the trial judge is, "Is this a cause of action which survives the death of the plaintiff?"

Counsel for the plaintiff admits that the action did not survive unless it was "for goods taken and carried away or converted, or for damage to real or personal property," within the meaning of R. L. c. 171, § 1 (G. L. c. 228, § 1). The declaration does not allege a conversion. His property was not "carried away or converted." Apparently Givens knowingly made the assignment, but with the understanding that he was to get back a declaration of trust. His remedy was in equity, to have the assignment set aside or modified on the ground of fraud. See *Busiere* v. *Reilly*, 189 Mass. 518; *Devlin* v. *Houghton*, 202 Mass. 75. Nor is this action at law one "for damage to . . . personal property." As was said in *Leggate* v. *Moulton*, 115 Mass. 552, 553: "The statute was . . . intended to give a remedy which should survive only for injuries of a specific character to real or personal estate, and not to include actions for damages for frauds committed upon the intestate, by which she might have been induced to part with her property at less than its value. . . . The gist of the action in the present count is the fraud; the real estate has sustained no damage or injury." And in *Jenks* v. *Hoag*, 179 Mass. 583, 586, it was added: "It has been decided repeatedly that 'a mere fraud or cheat by which one sustains a pecuniary loss cannot be regarded as a damage done to personal estate.'" See also *Houghton* v. *Butler*, 166 Mass. 547; *Rockwell* v. *Furness*, 215 Mass. 557, and cases cited; *Lee* v. *Fisk*, 222 Mass. 418. *Cheney* v. *Gleason*, 125 Mass. 166, was a suit in

equity to recover specific property; and the executor was admitted to prosecute the suit without bringing a bill of revivor by virtue of St. 1865, c. 42 (R. L. c. 171, § 17, G. L. c. 228, § 12). *Pingree* v. *Coffin,* 12 Gray, 288, 317. *Lovejoy* v. *Bailey,* 214 Mass. 134. *Lufkin* v. *Cutting,* 225 Mass. 599.

The other questions appearing in the record and raised by the report are rendered immaterial by our decision that the action did not survive the death of Givens. The trial judge was warranted in dismissing the action; and on this record the entry must be

*Action dismissed.*