JOSEPH GUTTENTAG *vs.* DAVID W. HUNTLEY.

Suffolk.    March 14, 1923. — May 24, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Constable.   Attachment.   Bailment.   Conversion.   Garage.   Agency,* Scope of employment.

A constable took possession of an automobile by a valid attachment and delivered it to the employee of the proprietor of a garage, who had no authority from his employer to act as a keeper or receiptor of attached automobiles or to constitute the garage such a keeper or receiptor, received from the employee an identifying tag or check in the usual form, and instructed the employee that he had attached the automobile and that it was not to be delivered to any one without his, the constable's, permission. The proprietor of the garage, upon representations by the owner of the automobile and without knowledge that it had been attached by the constable, delivered it to the owner. The constable, after judgment and execution for the plaintiff in the action in which the attachment was made, brought an action of tort against the proprietor of the garage for conversion of the automobile. *Held,* that, while the defendant was neither a keeper nor a receiptor of the automobile for the plaintiff, he was a bailee, and the plaintiff as attaching officer had a special property in the attached property which the defendant had violated and which entitled the plaintiff to maintain against him an action of tort for conversion, irrespective of whether the defendant had been negligent in delivering the property to the owner.

TORT for conversion of an automobile which the plaintiff, having taken it on valid attachments, had delivered to the defendant, the proprietor of a garage, and the defendant without the plaintiff's authority had delivered to the defendant in the writ of attachment. Writ in the Municipal Court of the City of Boston dated February 24, 1921.

In the Municipal Court, the facts were agreed upon. Material facts and a ruling by the trial judge are described in the opinion. The judge found for the defendant and, at the request of the plaintiff, reported the action to the Appellate Division, who ordered judgment for the plaintiff in the sum of $475. The defendant appealed.

The case was submitted on briefs.

*F. E. Litchfield*, for the defendant.

*J. C. Johnston*, for the plaintiff.

CROSBY, J. The plaintiff, a constable, on or about October 5, 1920, made two valid attachments of an automobile, the property of one Arthur R. Grover, each by virtue of a writ wherein the Eastern Finance Corporation was named as plaintiff, and Grover as defendant.

The defendant conducted a garage and was authorized to receive automobiles for safe keeping and to issue tags therefor. The plaintiff delivered the automobile in question to an employee of the defendant and received from him an identifying tag or check in the usual form, a copy of which is annexed to the report. " It is agreed that except as herein stated said employee had no authority from the defendant to act as keeper or receptor of attached automobiles or to constitute the defendant's garage a keeper or receptor of attached property."

There was evidence that, when the car was left at the defendant's garage, the plaintiff informed the employee that he was a constable and had attached the automobile; that he instructed the employee not to deliver it to any one without his (the plaintiff's) permission, and gave him " his business card whereon it appeared that he was a constable." Thereafter, on December 17, 1920, judgment was entered in each action for the plaintiff in certain amounts as damages, and for costs.

It is agreed that " the plaintiff did not leave his keeper in charge of said automobile nor did he deputize the garage or any individual at the garage as a keeper of the automobile nor did he notify the defendant personally or the defendant's manager that the automobile was under attachment." It is also agreed that within thirty days after the judgments

above referred to were entered, the plaintiff demanded possession of the automobile for the purpose of making levies thereon; that the attachments were not dissolved unless the facts stated operated to dissolve them; that the defendant previously without the knowledge or consent of the plaintiff had delivered the automobile to Grover, the owner; that a few days after it was left by the plaintiff with the defendant for storage and safe keeping, Grover came to the garage and " convinced the defendant that the same belonged to him and that the defendant thereupon delivered to him said automobile;" that Grover did not have the tag or check issued to the plaintiff at the time the car was left at the garage; that the tag or check has at all times since it was issued remained in the possession of the plaintiff; that Grover neither before nor after the car was so attached stored it with the defendant.   It is also agreed that its fair market value at the time of demand was $475.

The plaintiff made two requests for rulings, the second being: " Upon the agreed statement of facts the plaintiff is entitled to recover."   The trial judge refused to make the rulings and found for the defendant.

An officer who attaches personal property (apart from articles which by reason of their bulk or for other cause, cannot be immediately removed, G. L. c. 223, § 50) may take possession of it and keep it; or, if necessary, he may appoint a keeper, G. L. c. 223, § 48; or he may deliver possession of it to a receiptor.   The distinction between a keeper and a receiptor is pointed out by Knowlton, J., in *Robinson* v. *Besarick*, 156 Mass. 141, 143, 144, where it is said: " There are some early cases in this Commonwealth in which the court, in speaking of keepers and receiptors of attached property, fails to notice the distinction between one who is appointed a keeper, and thereby becomes a mere custodian and servant of the attaching officer, and one who takes the property into his possession and gives a receipt for it, in which he contracts to keep it safely, and to return it on demand or at a stated time, whereby he becomes personally responsible for it as a bailee." *Raymond Syndicate* v. *Guttentag*, 177 Mass. 562.

Upon the agreed facts, it is manifest that the defendant was not a keeper within the meaning of that term under G. L. c. 223, § 48; the employee had no authority upon this record to bind his principal to act as such keeper. Nor was he a receiptor. It does not follow, however, for these reasons that the plaintiff is not entitled to recover. When he attached the automobile and took it into his possession he had a special property in it and rightfully could keep it in his possession or deliver it to the defendant for safe keeping. *Parrott* v. *Dearborn,* 104 Mass. 104. The plaintiff has a property and right of possession sufficient to maintain the present action. *Hall* v. *Boston & Worcester Railroad,* 14 Allen, 439. Upon delivery to the defendant he became a bailee for hire, but he had no authority to surrender it to the owner without the express or implied consent of the plaintiff. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. The defendant could not lawfully surrender the automobile to the owner merely upon his statement that it was his property and without the proper production of the tag or check which had been issued to the plaintiff. The car was under valid attachments at the time it was received by the defendant, which attachments remained in force when demand for it was made by the plaintiff.

The defendant having assumed control of the car as a bailee made himself accountable to the plaintiff for return of it on demand. The employee, although not authorized to bind his principal as a keeper or receiptor, was acting within the scope of his employment in storing it in the garage as a part of the regular business in which the defendant was engaged. The delivery of the car to Grover was of itself a conversion rendering the bailee liable, although he may have believed Grover was entitled to the possession of it, and this is true regardless of the question of due care or negligence. *Hall* v. *Boston & Worcester Railroad, supra. Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188, 195. *Doyle* v. *Peerless Motor Car Co.* 226 Mass. 561, 567, 568. *Blaisdell* v. *Hersum & Co. Inc.* 233 Mass. 91, 95.

We are of opinion that upon the agreed facts, the second ruling requested should have been made and that the plain-

tiff is entitled to recover. The order of the Appellate Division of judgment for the plaintiff in the sum of $475, is affirmed.

*Ordered accordingly.*