CHARLES W. TITCOMB *vs.* BAY STATE GROCERY COMPANY.

Middlesex.    November 17, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Abuse of Process.    Conversion.    Assignment.    Attachment.    Trespass,* Ab
initio.    *Constable.*

A cause of action for malicious abuse of civil process is personal and cannot
be assigned, although the abuse alleged is an unwarranted attachment
of personal property used in the conduct of a business on rented prem-
ises and the consequence of the alleged unlawful attachment was that
the debtor was unable to go on in business and had been injured in
his lease of the premises.

At the trial of an action for conversion of goods, there was evidence that
the defendant was a creditor of the plaintiff's assignor; that the creditor
brought an action against the debtor, in which a constable attached the
goods in question, made an inventory thereof, packed them, and then,
to save further expense, delivered them to the creditor with orders to
keep them separately and subject to his order.    The creditor assented
to this arrangement and moved the goods to his place of business,
which was not in the city or county where the constable had jurisdiction.
The constable did not accompany the goods, made no written deputa-
tion of authority, and took no receipt for them from anyone.    The
jury found for the defendant.    *Held,* that

(1) It could not properly be ruled as a matter of law that the con-
stable had lost or given up control over the goods: that question was
for the jury;

(2) The mere removal of the goods beyond the territorial limits of
the constable's authority by his bailee did not dissolve the attachment
or put an end to the constable's control;

(3) The failure of the constable to make a written deputation or to
take a receipt in writing did not dissolve the attachment.

At the trial of the action above described, there was further evidence that
the action of the creditor against the debtor proceeded to a judgment,
which the debtor, after assigning his interest in the goods to the plaintiff,
paid.    The creditor then gave the plaintiff an order for the goods.
After examination, the plaintiff refused to accept goods that were shown
him as the goods attached.    He then made a demand on the constable
for the goods.    Evidence of the defendant was to the effect that he at
all times was ready, willing, and able to deliver the attached goods to
the plaintiff.    *Held,* that

(1) While there is no doubt that, upon the determination of the pro-
ceeding in which an attachment is made, it is the duty of the attaching
officer, if the goods have not been taken on execution, to return them,

this action is not against the constable, and, on the evidence, the jury were warranted in finding that the defendant had never refused to deliver the goods and never had withheld them from the plaintiff;

(2) A ruling as a matter of law, that the constable had become a trespasser, would not have been proper.

TORT, with a declaration, described in the opinion, for conversion and for malicious abuse of process. Writ dated April 10, 1922.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence and proceedings at the trial are described in the opinion. The jury found for the defendant on the first and second counts, and, by order of the judge, for the defendant on the third count. The plaintiff alleged exceptions.

*W. A. Graustein,* attorney in fact, for the plaintiff.

*S. T. Lakson,* for the defendant.

WAIT, J. The plaintiff brought this action of tort against the Bay State Grocery Company declaring in three counts: the first, as assignee by written assignment from John Ogonowsky (G. L. c. 231, § 5), for a conversion by the defendant in November, 1919, of goods of Ogonowsky; the second, for a conversion by the defendant in November, 1919, of goods of the plaintiff; and the third, as assignee by written assignment from Ogonowsky, for damages caused to Ogonowsky by the acts of the defendant in "maliciously and with intent to injure" Ogonowsky demanding from him as a debtor for goods purchased by him, more than was due the defendant, and upon Ogonowsky's refusal to pay the demand "maliciously and with intent to injure" Ogonowsky attaching his goods, causing them to be removed from his place of business to that of the defendant and converting them.

The answer sets up a general denial, a justification by an attachment of Ogonowsky's goods, and that the cause of action did not accrue within two years of the suing out of the writ, April 10, 1922.

At the trial the judge ruled that no evidence was admissible under the third count, and the jury by his direction returned a verdict for the defendant on that count. They found for the defendant on the first and second counts. The case is

before us on exceptions claimed by the plaintiff.    We shall deal with his contentions as they are presented on his brief.

(1) and (2).    There was no error in directing the verdict on the third count and in rejecting the offer of proof.    The judge ruled that the count was for a malicious abuse of process, a cause of action personal to Ogonowsky, which he could not assign, and on which the plaintiff, as assignee, could not recover.

The plaintiff offered to show that the property seized had been damaged, and that in consequence of the seizure of his goods and of the failure to return them, Ogonowsky was unable to go on in business and had been injured in his lease of the premises.    He contended that the count sought property damage only.    The cases cited by the plaintiff do not support him.    *Robinson* v. *Wiley,* 188 Mass. 533, 535, deals with an assignment of a claim for a breach of contract, and *Bailey* v. *Powell,* 239 Mass. 110, does not touch on the assignability of the cause of action which it held did not survive.    The claim here assigned included all damage caused by the alleged wrongful use of process, which comprehends not only damages to property, but also injury to the business credit and financial standing, to the reputation and the feelings of the injured person.    *Brewer* v. *Dew,* 11 M. & W. 625.    *Malone* v. *Belcher,* 216 Mass. 209.    Such a right is not assignable.    *Sibley* v. *Nason,* 196 Mass. 125. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 477.    *Lee* v. *Fisk,* 222 Mass. 418, 423.    *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 11.

The evidence to which exception was taken was admissible, if at all, only under the third count.    The ruling excluding it becomes immaterial in view of the disposition made of that count.

(3) There was evidence, uncontradicted, that in August, 1919, the Bay State Grocery Company brought suit against Ogonowsky for goods sold and delivered to him, by writ returnable at Cambridge, to the Third District Court of Eastern Middlesex.    The constable to whom the writ was given for service attached and took possession of goods of

Ogonowsky which were in a grocery store in Cambridge. He made an inventory of the goods, and gave a copy to Ogonowsky. He packed the goods in cases, notified the Bay State Grocery Company that he was about to remove the goods from Ogonowsky's store and requested that to save expense of storage it send a truck from its warehouse in Boston, take the goods thither for storage, and there keep them separate subject to his order till the case was finally disposed of. This the defendant promised to do. The constable testified that he told the teamster who came with the truck that the goods were under attachment, to take them to the warehouse of the Bay State Grocery Company and keep them subject to his orders until the final determination of the action. The teamster took the goods away. The constable did not accompany them, nor did he ever after see the goods. He took no written receipt from any one; and gave no written deputation to any one. There was evidence that the goods were taken to Boston and stored by themselves under a canvas in the defendant's warehouse, where were other goods of the defendant.

The plaintiff contends that upon the evidence the constable lost his attachment and became a trespasser *ab initio*. He relies on the removal of the goods from Cambridge in the county of Middlesex, where the constable had authority to act, to Boston in the county of Suffolk, where the constable was without authority by virtue of his writ or official capacity; on the failure to give any written deputation or to take any written receipt; on the storage where the constable had no access to the goods and control over them, and where they could be stolen, damaged or destroyed without knowledge on the part of the constable.

These facts do not establish that as matter of law the constable had lost or given up control over the goods. The removal of the goods beyond the territorial limits of his authority by his bailee, did not dissolve the attachment or put an end to the constable's control. *Brownell* v. *Manchester*, 1 Pick. 232, decided that a deputy sheriff who took into Rhode Island and there left with a receiptor property

which he had attached in Massachusetts did not thereby become a trespasser *ab initio*, or lose the attachment. The principle is applicable here.

The failure to make a written deputation or to take a receipt in writing did not dissolve the attachment. *Guttentag* v. *Huntley*, 245 Mass. 212.

Whether the evidence made out a loss of control was a question of fact for the jury. *Commonwealth* v. *Brigham*, 123 Mass. 248.

(4) There was evidence that the action in the District Court proceeded to a judgment against Ogonowsky in November, 1919. This judgment Ogonowsky paid; but before payment he assigned his interest in the goods which had been attached and all claims and demands against the Bay State Grocery Company to the plaintiff. Upon the payment, the attorney for the judgment creditor gave to the plaintiff, as such assignee, a written order on the Bay State Grocery Company requesting that it deliver to the bearer the goods attached in its action against Ogonowsky. The plaintiff went with this order to the defendant's warehouse and demanded the goods. He was shown certain property which was asserted to be that taken. On looking at it, he declared that some of the goods were injured and some were not there. There was testimony that he was asked to check up the goods by the inventory given by the constable to Ogonowsky which he had with him, and that he was told that everything taken was there, but if anything proved missing it would be replaced at once with new goods. He refused so to check the goods and went away saying that he wanted the same goods taken from Ogonowsky's store and that he would see his attorney about it. Later he demanded the goods of the constable. The goods have not been returned to Ogonowsky, to the plaintiff, or to any one for either of them. There was conflict in the testimony with regard to what took place at the visit of the plaintiff to the warehouse. The defendant's witnesses declared it at all times was ready, willing and able to deliver the goods to the plaintiff.

The plaintiff contends that it was the constable's duty to

return the property to the place whence it was taken, and that the failure so to return it constitutes a conversion.

There is no doubt that upon the determination of the proceeding in which an attachment is made it is the duty of the attaching officer, if the goods have not been taken on execution, to return them. *Dennie* v. *Smith,* 129 Mass. 143. *Munro* v. *Stowe,* 175 Mass. 169. *McCabe* v. *Maguire,* 182 Mass. 255.

This action, however, is not against the officer. The person at present entitled to the goods is not the defendant in the action in the District Court whose goods were taken by attachment. It nowhere appears in the evidence that Ogonowsky now has the place whence they were taken, or that they can be put there. The order which the plaintiff accepted called for a delivery to the plaintiff, not to Ogonowsky. There is no evidence that the plaintiff ever indicated a place of delivery other than the warehouse. The jury might find that the defendant never has refused to deliver the goods, and never has withheld them from the plaintiff.

(5) The plaintiff contends that the constable by his unlawful acts lost his attachment and became a trespasser *ab initio,* and that the defendant therefore converted the goods when, knowing what he had done, it detained them after receiving them from the constable. There were, however, as has been stated, no unlawful acts in placing the goods in the hands of the defendant's teamster and in permitting them to be taken out of the county for storage subject to the orders of the constable. The jury could find from the facts that the constable never ceased to have control of the goods. The judge could not rule as matter of law that the constable became a trespasser. The case is governed by the decisions in *Guttentag* v. *Huntley,* 245 Mass. 212, *Commonwealth* v. *Brigham,* 123 Mass. 248, *Harriman* v. *Gray,* 108 Mass. 239, *Hemmenway* v. *Wheeler,* 14 Pick. 408, and *Train* v. *Wellington,* 12 Mass. 495, and not by those in *Field* v. *Fletcher,* 191 Mass. 494, *Boynton* v. *Warren,* 99 Mass. 172, and *Bagley* v. *White,* 4 Pick. 395.

(6) The plaintiff presented thirty-three requests for in-

structions to the jury. The judge, at the conclusion of his charge, saved the plaintiff's exception to the failure to give such as were not covered by the charge. The plaintiff now contends that there was error in the failure to give twenty-six of them.

We find no error. The judge gave, in substance, so much of the instructions as stated the law applicable to the case. For the reasons already given, the jury could not rightly be instructed in accord with the plaintiff's contentions in regard to the delivery of goods to the defendant or its teamster and the removal by the bailee to Boston; nor could it be directed to find for the plaintiff on either count. It is not necessary to discuss these exceptions in detail.

(7) The plaintiff alleges errors in the instructions actually given. But the bill of exceptions does not show that any exception was taken to the charge, and such contention is not now open.

The case was left to the jury with sufficient instruction on the issues, whether the constable at any time before the payment of the judgment lost control of the goods attached, and whether afterward the defendant was guilty of any act of conversion.

Careful examination discloses no error. The order must be

*Exceptions overruled.*