MARY K. MAGAW *vs.* SIDNEY L. BEALS.

Suffolk.    May 16, 1930. — July 10, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Conversion.    Attachment.    Res Judicata.    Constable.*

Personal property of a woman was attached in an action of contract by a man against her and placed in storage in a room in a building controlled by the man. The officer who made the attachment locked the door of the room and kept the key in his possession. The woman immediately brought an action of tort against the man for conversion of such property. The action of tort was tried before the action of contract, and the issue at the trial was confined to the woman's right to recover the value of a part of the property which was of such a nature as to be exempt from attachment. There was a verdict and judgment for the woman in the action of tort and the man paid the judgment. The action of contract then was tried and resulted in judgment for the woman. She thereafter demanded of the attaching officer return of the property attached, which had remained where it originally was placed by the officer. She also made demand on the man, without telling him that she had made demand on the officer. The man said to her that she would have to see the officer. She then brought a second action of tort against the man for conversion of that part of the attached property which was not of such a

nature as to be exempt from attachment. In the second action of tort, it was *held*, that

(1) At the time the first action of tort was commenced by the woman, her sole cause of action, and the cause for which she recovered judgment, was for the wrongful attachment of such of the property as was exempt from attachment;

(2) Under G. L. c. 223, § 42, the attachment of such of the property as was not exempt from attachment was not wrongful and did not constitute a conversion by the man;

(3) The woman's cause of action in the second action of tort, with regard to the property not exempt from attachment, therefore was not an issue which was or might in law have been litigated in the first action of tort; and the act of conversion in the first action was not the same act as that in question in the second action;

(4) The woman's cause of action in the second action was not *res judicata* by reason of the judgment in her favor in the first action;

(5) The demand made by the woman upon the man for the property and his refusal to comply with the demand did not constitute a conversion of the property unless the man had such control of it as to be able to comply with the demand;

(6) In the circumstances, the man did not appear to have been in possession of the property or able to comply with the demand: the property at all times remained in the custody and possession of the attaching officer notwithstanding the fact that the man was in control of the building wherein the property was;

(7) The woman was not entitled to recover from the man in the second action of tort for conversion.

TORT. Writ dated February 15, 1924.

The declaration was in four counts, the first and third of which subsequently were waived by the plaintiff. The plaintiff alleged in the second count that the defendant, without probable cause, had instituted a "false and malicious action" against the plaintiff in a municipal court. The fourth count contained allegations that the defendant, in said action, "maliciously caused an excessive attachment to be made of the plaintiff's personal property." The plaintiff later was allowed to amend the declaration by adding a fifth count, described in the opinion, for conversion by the defendant of the property so attached.

The action was tried in the Superior Court before *Thayer*, J. There was evidence that, after judgment in her favor in the action against the plaintiff, she through her attorney demanded of the constable the return to her of the goods which he had attached and that the constable said that he,

the attorney, would have to see Beals; that the attorney then made the same demand on Beals and Beals said that he, the attorney, would have to see the constable; that the attorney did not tell Beals that he had already seen the constable or what the constable had said to him; and that he made no further demand on either Beals or the constable. Other material evidence, rulings requested by the defendant and refused by the judge and portions of his charge to the jury are stated in the opinion. The defendant saved exceptions to the refusal to give such rulings. No exception was saved to the charge. The following questions thereupon were submitted to the jury:

"1. Did the defendant maliciously and without probable cause bring the action against the plaintiff in the Municipal Court, . . . ?

"2. Did the defendant maliciously cause the constable to make an excessive attachment of the property of the plaintiff not exempt from attachment upon the writ issued from the Municipal Court . . . ?

"3. Did the defendant after the dissolution of the attachment in the Municipal Court case . . . convert the property of the plaintiff that was not exempt from attachment to his own use?

"4. What was the fair market value of the property not exempt from attachment?"

The jury answered as follows: "1. Yes. $250 for counsel fees. 2. Yes. 3. Yes. 4. $2000."

Subject to the defendant's exception, the judge thereupon ordered a verdict for the plaintiff in the sum of $2,250, and reported the action for determination by this court upon the following terms: "If I have erred in any rulings affecting the issues presented by any count or counts of the declaration, such order is to be made as law and justice shall require; otherwise judgment is to be entered for the plaintiff on the verdict or so much thereof as may stand after disposition hereof by the Supreme Judicial Court."

*P. Nichols,* for the defendant.

*M. W. Powers,* for the plaintiff, submitted a brief.

SANDERSON, J. This is an action of tort in which the

plaintiff recovered damages on three counts — two based upon the alleged institution without probable cause of a false and malicious action against her and upon maliciously causing an excessive attachment to be made of her personal property. No question is now raised as to the validity of the verdict for the plaintiff on these two counts.

The plaintiff also recovered damages on the fifth count for conversion alleging that a constable seized, under color of authority of a writ in an action of contract brought by the defendant against the plaintiff, certain household goods and other personal property of the plaintiff not exempt from attachment, and placed them in storage in a room owned and controlled by the defendant; that after trial that action went to final judgment in favor of the present plaintiff in July, 1922, and that thereupon the attachment was dissolved, and the plaintiff became entitled to the possession of her property; that thereafter demand was made of the constable and of the defendant for the return of the property attached, which was still in storage in the defendant's building in compliance with his directions, but this demand was not complied with. When the goods were placed in storage the officer caused the door of the room in which they were placed to be locked and retained the key in his possession.

The defendant now makes two contentions; the first is that the bringing of a former action by the plaintiff and recovery and enforcement of judgment therein constitute a bar to recovery of judgment for conversion in this action; and his second is that, if there was property of the plaintiff which might be converted by the defendant after the termination of the attachment, the evidence would not justify a finding that he converted it.

The former action by the plaintiff, to which reference has been made, was brought against the defendant immediately after he had caused to be attached the personal property of the plaintiff, including the property which by law was exempt from attachment. The plaintiff in her former action sought recovery in one count of the declaration for the alleged conversion of certain personal property. The

jury could have found that in the trial of that issue the trial judge limited the plaintiff in her proof to her right to recover the value of that part of the personal property attached, which by law is not attachable because exempt from being taken on execution. The part of the charge in that case incorporated in the present record indicates that the verdict for the plaintiff on this issue must have been based solely on the conversion of the property so exempt. The opinion of this court in that case appears in *Magaw* v. *Beals,* 242 Mass. 321, and the opinion in the case in which the original attachment was made appears in *Beals* v. *Magaw,* 242 Mass. 328. In the present action the plaintiff's recovery for conversion was limited to the property attached not exempt by law from attachment.

It is a general rule that "a judgment on its merits in a former action between the same parties is a bar, as to every issue which in fact was or in law might have been litigated, to later action upon the same cause." *Cote* v. *New England Navigation Co.* 213 Mass. 177, 180. See also *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331; *Goodrich* v. *Yale,* 97 Mass. 15; *Stevens* v. *Pierce,* 151 Mass. 207; *Fitzgerald* v. *Heady,* 225 Mass. 75; *Canning* v. *Shippee,* 246 Mass. 338. It is also an established rule that an action for the conversion of chattels will bar a subsequent action for the conversion of other chattels taken by the same act. *Folsom* v. *Clemence,* 119 Mass. 473. *McCaffrey* v. *Carter,* 125 Mass. 330. *Sullivan* v. *Baxter,* 150 Mass. 261. But these principles are not applicable to the facts of the present case. When the former action was brought the only part of the attachment which in that action could be found to be wrongful related to the property for the conversion of which the plaintiff was there permitted to recover. G. L. c. 223, § 42; c. 235, § 34. *Magaw* v. *Beals,* 242 Mass. 321, 325. Under the writ in the original action brought by the defendant attachment of property liable to be taken on execution was authorized and the attachment made would remain valid until final judgment for the defendant in the case, unless reduced or dissolved in the manner provided by law or its invalidity were otherwise established.

By the terms of the statute, with certain exceptions not material to this case, all property liable to be taken on execution may be attached and "may be held . . . to satisfy such judgment as the plaintiff may recover." G. L. c. 223, § 42. The act which in the earlier case was found to be a conversion of the property exempt from being taken on execution did not appear to be a wrongful exercise of dominion over the other property attached, and as to such property the defendant could not have been found guilty of conversion upon the evidence and rulings at the former trial. See *Arthur McArthur Co.* v. *Beals,* 243 Mass. 449. But when judgment was entered for the defendant in that case the attachment was as matter of law forthwith dissolved. G. L. c. 223, § 115. *Titcomb* v. *Bay State Grocery Co.* 254 Mass. 599.

In his request for ruling numbered four and one half the defendant asked the judge upon all the evidence to direct the jury to return a verdict for the defendant on the fifth count. He also in his twenty-sixth request asked the judge to rule that if he as one of the three trustees controlled the building in which the plaintiff's goods were stored, but the goods were in a locked room in the custody of a constable, neglect or refusal by the defendant to return the goods after final judgment for the then defendant in the action on which the attachment was made did not constitute a conversion. The judge in his charge did not in terms refer to this request, but instructed the jury in substance that the plaintiff's right of action depended upon proof of a demand upon the defendant for the property and a refusal to deliver it after the action was terminated, and also upon proof that the defendant exercised control over the property inconsistent with the right of the owner and by excluding her from the possession or depriving her of it. The contention of the defendant in regard to this request is that the original attachment was the only wrongful act and that the demand was superfluous and of no significance; and that if the demand was essential to the plaintiff's case the refusal of the constable was his own, and the demand on Beals was not accompanied with knowl-

edge brought home to him that the constable who had the custody and control of the property had been called upon to make delivery. When the attached goods came into the possession of the constable he obtained a special property in them. *Train* v. *Wellington,* 12 Mass. 495. *Hemmenway* v. *Wheeler,* 14 Pick. 408. *Commonwealth* v. *Brigham,* 123 Mass. 248. *Guttentag* v. *Huntley,* 245 Mass. 212. "When the plaintiff relies upon demand and refusal as independent and basic evidence of conversion, it must appear that at the time of the demand and refusal the defendant had the control of the article so as to be able to comply with the demand; and the burden of proving all this is upon the plaintiff." *DeYoung* v. *Frank A. Andrews Co.* 214 Mass. 47, 50. "The demand upon the defendant who was never in possession of the goods, and his refusal to deliver them to the plaintiff, were not a conversion." *Arthur McArthur Co.* v. *Beals,* 243 Mass. 449, 451.

So far as the evidence discloses the property continued to be in the custody and possession of the constable, notwithstanding the fact that the defendant was in control of the building. *Arthur McArthur Co.* v. *Beals, supra.* The plaintiff has failed to prove that the defendant had at any time been in possession of the property or that he could comply with the demand when made.

The trial judge erred in refusing to give the defendant's twenty-sixth request for ruling, and in not directing a verdict for the defendant on the fifth count. The judge having so erred, judgment for the defendant is to be entered on count five. No error appears in the rulings on counts two and four and judgment is to be entered on the verdict for the plaintiff on those counts in the sum of $250.

*So ordered.*