WILLIAM L. BAKER & others *vs.* WILLIAM R. ALLEN & others.

Suffolk.    November 7, 1934. — September 21, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Amendment, Plea. *Evidence*, Foreign law. *Equity Jurisdiction*, Suit by minority stockholders of corporation. *Corporation*, Officers and agents, Sale of assets. *Fiduciary. Fraud. Assignment.*

The defendant in a suit in equity may properly be allowed to amend his answer to set up a defence originating after the commencement of the suit.

The defence that the plaintiff in a suit in equity had assigned his cause of action and no longer had any interest therein was a proper subject for a plea by the defendant.

If the material law of another jurisdiction is not brought to the attention of the court, the case may properly be decided in accordance with the general principles of law applied in this Commonwealth.

Statement by RUGG, C.J., as to suits in equity by minority stockholders of corporations and as to the duty of directors of a business corporation and the cause of action arising from breach thereof.

A cause of action by a corporation against its directors for loss resulting from breach of their duty amounting to a fraud upon it, but not involving damage to any specific property, is not assignable.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 7, 1932.

The suit was heard by *Pierce*, J.

*G. H. Lucey*, (*F. W. Campbell* & *A. L. Mekelburg* with him,) for the plaintiffs.

*J. P. Wright*, (*R. G. Wellings* with him,) for the defendants Keniston and others.

*J. M. Murdock*, (*F. D. Nichols* with him,) for the defendant National Boston Montana Mines Company.

*D. M. Hill* & *D. M. Hill, Jr.*, for the defendants Allen and others, submitted a brief.

RUGG, C.J.   This is a suit by minority stockholders of the Boston-Montana Mines Company (hereafter called the corporation), a business corporation organized under the

laws of Montana and having a usual place of business at Boston within this Commonwealth, in behalf of themselves and other stockholders who may become parties, for the benefit of the corporation, against its directors, to recover for damages sustained by the corporation in consequence of breaches of their fiduciary duties by the directors. The corporation and its two subsidiaries are joined as defendants. The directors are charged by the allegations of the bill with causing damage to the corporation by culpable neglect, by mismanagement of its business and failure to exercise ordinary intelligence in carrying it on, by failure to safeguard its rights, by wasting corporate assets, by illegal and *ultra vires* issues of capital stock, by permitting payment of excessive salaries to three defendants, by the payment of money under the guise of expenses when such expenses were not incurred or not properly incurred, by issuing false and misleading reports as to the condition of the corporation, by neglecting to make fair reports of the condition of the corporation, by disbursing money without proper vouchers, by refusing to allow the plaintiffs to examine the list of stockholders and the books of account and records until compelled to do so by proceedings in mandamus, by permitting the defendant Allen as president to handle the moneys of the corporation as if they were his own, to deposit them in his own name and to use them for his own purposes, and by subjecting the real estate of the corporation and its subsidiaries to loss and peril of complete loss by failure to provide for the payment of taxes. These allegations are summarized in paragraph 23 of the bill, with respect to the directors, as "their failure to perform and their dereliction in performance of their fiduciary duties" as directors of the corporation. There are allegations as to the necessity for stockholders to institute the suit.

The bill was filed October 7, 1932. The defendants on October 19, 1933, were permitted to file an amendment to their answer previously filed. This amendment was in effect a plea setting up that, after consideration of a plan outlining the financial difficulties of the corporation and

means for solving them, pursuant to appropriate votes
duly adopted by its directors on November 9, 1932, and
by its stockholders on November 30, 1932, the corporation
on June 1, 1933, by deeds and instruments of transfer duly
executed, sold and conveyed to the National Boston Mon-
tana Mines Company, a corporation organized under the
laws of Montana, "all and singular the real, personal and
mixed property of the defendant Boston-Montana Mines
Company;" and that thereby the cause of action set forth
in the plaintiffs' bill "has now vested in the National Bos-
ton Montana Mines Company," and that the latter cor-
poration or its officers and stockholders alone have the right
further to prosecute that suit. That corporation was per-
mitted to intervene.

This amendment rightly was allowed. *Twombly* v.
*Selectmen of Billerica*, 262 Mass. 214, 216. There was
set up in it matter in the nature of and proper for a plea.
*Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138,
148. *Berenson* v. *French*, 262 Mass. 247, 255. *Reilly* v. *Select-
men of Blackstone*, 266 Mass. 503, 507. The case was then
referred to a master to hear the evidence and to determine
the facts raised in the amendment to the answer, leaving
the matter of liability under the bill to be determined
after the disposition of the issues raised by the amendment
to the answer.

The master, as shown by his report, found that the alle-
gations of fact set forth in the amendment to the answer
were established. He found, also, that the by-laws of the
corporation in conformity to the laws of Montana provided
that the directors should have the power to vote to transfer
all the assets of the corporation. He found that the stock-
holders voted in favor of such transfer. The conveyance
by the corporation to the National Boston Montana Mines
Company (hereafter called the new corporation) described
the various properties in great detail but did not purport
to convey by description or reference any rights which the
corporation may have had in the present litigation, but
did convey "All and singular the real, personal and mixed
property of Boston-Montana Mines Company, including

particularly and without restricting the generality of the foregoing, the following described property, namely:'.". An interlocutory decree from which no appeal was taken confirmed the master's report. The facts stated therein must be accepted as true.

The single justice found the amended answer in the nature of a plea in bar and the facts as set forth in the master's report good and sufficient and ordered that a final decree be entered dismissing the bill. From such final decree the plaintiffs appealed.

Both the corporation and the new corporation are alleged to be organized under the laws of Montana. Our attention has not been drawn to any provisions of the law of that State governing the facts here disclosed. The case must be decided, therefore, according to the general principles of law as administered in this jurisdiction. *O'Brien* v. *O'Brien,* 246 Mass. 411, 420. *Calnan* v. *Guaranty Security Corp.* 271 Mass. 533, 543.

A suit in equity by minority stockholders in a representative capacity against directors for wrongs committed by them against the corporation is not in vindication of any personal rights. Such wrongs are adverse to the corporation and except through it have no relation to the stockholders. The interests of the corporation alone are immediately concerned. Damages must be paid to it if any are recovered. *Bartlett* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 530, 531. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 590–591. *Beaudette* v. *Graham,* 267 Mass. 7, 11–12. *Sagalyn* v. *Meekins, Packard & Wheat Inc.* 290 Mass. 434. Directors of a business corporation are fiduciaries bound to the strictest good faith in managing its property. Their paramount duty is to the corporation, to which their personal interests are subordinate. They are required to act with reasonable intelligence although not responsible for mere errors of judgment or want of prudence. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 117. *Beaudette* v. *Graham,* 267 Mass. 7, 12. *Stratis* v. *Andreson,* 254 Mass. 536. *Goodwin* v. *Agassiz,* 283 Mass. 358. *Albert E. Touchet, Inc.* v.

*Touchet,* 264 Mass. 499, 507. *Elliott* v. *Baker,* 194 Mass. 518, 523. Conduct on the part of directors amounting to fraud or breach of fiduciary duty and resulting in impairment of assets or loss of property of the corporation or in profit to themselves, renders the offending directors liable to make full restitution. *Manning* v. *Campbell,* 264 Mass. 386, 390. *L. E. Fosgate Co.* v. *Boston Market Terminal Co.* 275 Mass. 99, 107. A cause of action of this nature survives against the estate of the director who has thus proved faithless to his trust. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Wineburgh* v. *United States Steam & Street Railway Advertising Co.* 173 Mass. 60. *Von Arnim* v. *American Tube Works,* 188 Mass. 515, 520. The liability of directors for misconduct causing loss to the corporation has been established in this Commonwealth on the ground of breach of fiduciary duty. Relief to the corporation may be afforded at law or in equity, or, when sought by minority stockholders, in equity. Actions of this nature in a general sense may be said to constitute assets of the injured corporation. They may be enforced by a receiver under the direction of the court. *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 270. They pass to a trustee in bankruptcy under 30 U. S. Sts. at Large, 566, c. 541, § 70 a (6). *Manning* v. *Campbell,* 264 Mass. 386, 391. *Putnam* v. *Handy,* 247 Mass. 406. *Farmer* v. *Brooks,* 213 Ala. 137. *McEwen* v. *Kelly,* 140 Ga. 720. *Stephan* v. *Merchants Collateral Corp.* 256 N. Y. 418, 421. It has been held that claims against directors of national banks for negligent and unlawful acts arise out of the breach of the implied obligation of directors faithfully, carefully and lawfully to perform their duties, and that such claims are *ex contractu* in nature. Therefore they survive against the representatives of deceased directors. *Boyd* v. *Schneider,* 65 C. C. A. 209, 215. *Hughes* v. *Reed,* 46 Fed. Rep. (2d) (C. C. A.) 435, 440–441. *Cooper* v. *Hill,* 94 Fed. Rep. (C. C. A.) 582, 587. *Bates* v. *Dresser,* 229 Fed. Rep. 772, 797–798; *S. C.* 251 U. S. 524, 531. *Allen* v. *Luke,* 163 Fed. Rep. 1018. *Curtis* v. *Phelps,* 208 Fed. Rep. 577. *Benton* v. *Deininger,* 21 Fed. Rep. (2d) 659, 660. *Orth* v. *Mehlhouse,* 36 Fed. Rep. (2d) 367, 368.

Undoubtedly such claims survive against the estate of a deceased director. It is not necessary to inquire whether in this Commonwealth the liability of directors for negligent and unlawful acts may be worked out on that ground because it has been established on the ground of fraud or a breach of fiduciary obligation.

It has been held in numerous cases in this Commonwealth that a claim of this nature, apart from statutory or other special authority, does not pass by assignment by the corporation. In order to be assignable, a cause of action against directors for tortious injury to the corporation must occasion damage to specific property. *Rice* v. *Stone,* 1 Allen, 566. It was said in *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 479: "A mere right . . . to litigate for a fraud perpetrated upon it [a corporation] and nothing more, was not assignable at law or in equity. . . . It would not be of itself a saleable asset, or by the weight of authority an interest in property, to which the right to sue passes as incidental." Authorities there are cited in support of these propositions. This principle rests on the underlying theory that it is against public policy to permit one to litigate for a naked fraud practised on the assignor, and that therefore a claim for an injury of that nature is not assignable. *Mulready* v. *Pheeny,* 252 Mass. 379, 382. *American Woolen Co.* v. *Old Colony Trust Co.* 263 Mass. 321, 324. *Titcomb* v. *Bay State Grocery Co.* 254 Mass. 599, 601. *Bailey* v. *Powell,* 239 Mass. 110, 113. *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 566–567. *Piper* v. *Childs,* 290 Mass. 560, 565–566.

The allegations of the present bill contain charges of fraudulent conduct as well as of other breaches of the fiduciary duty of the defendant directors. There are specific averments to the effect that the defendant directors have permitted one of their number to receive large sums of money unlawfully in the guise of expenses, and to handle and use moneys of the corporation as his own, and that they have issued shares of capital stock in the corporation without any consideration or with improper consideration. These are averments of fraudulent conduct. Whatever may

be said about the assignability of charges of failure to perform other fiduciary duties of the defendants as directors, those just enumerated cannot rightly be regarded as falling under any other category than fraud.   They do not constitute damage to specific property.   They are simply rights to litigate for a fraud practised on the corporation. They are not assignable.   The case at bar in this particular is indistinguishable from *United Zinc Co.* v. *Harwood,* 216 Mass. 474.   Here, as there, there has been no merger of the corporation and the new corporation; they have not become amalgamated; the corporation has not been extinguished but continues to exist.   The cause of action set forth in the bill is in dominating features for damages inflicted on the corporation by fraud of the defendants as directors.

We are constrained to add that the facts set up in the plea and found by the master cannot be adjudged to be a bar to the suit.

*Final decree reversed.   Case to stand
for further hearing.*