SUSAN B. LYMAN *vs.* PELHAM BONNEY & others.

Suffolk.  Nov. 19, 1874. — Sept. 3, 1875.  WELLS & DEVENS, JJ., absent.

Pending an action by a policy holder against a mutual fire insurance company for a loss, the directors voted to close its business; and, reserving a sum of money to pay the claim, if decided adversely, and to pay the expenses incident to the close of the business of the company, divided the remaining assets as a dividend among the policy holders.  The expenses incurred absorbed so much of the fund reserved that there was not enough left to pay the judgment afterwards obtained in said action.  *Held*, on a bill in equity by the judgment creditor against the directors charging them with conducting the affairs of the company with gross negligence and in fraud of the rights of the plaintiff, that they were not liable if they acted in good faith, although they did not consider with proper care what the claim and other expenses might amount to, and spent more than was necessary in closing the business of the company.

BILL IN EQUITY against the president and directors of the State Mutual Fire Insurance Company, and against the said company, to recover the amount unpaid upon a policy of insurance against fire, upon which a judgment had been recovered and execution issued, and alleging that the defendants, having the funds of the company in their hands sufficient to pay this claim, neglected and refused to pay it, and applied the funds to other purposes by distributing them among themselves and the other stockholders, and conducted the affairs of the company with gross negligence and in fraud of the rights of the plaintiff.  The case was referred to a master to hear the parties and report the facts to the court, and, upon the coming in of the master's report, was reserved by *Devens*, J., for the consideration of the full court, upon that report, the nature of which appears in the opinion.

*R. M. Morse, Jr.*, for the plaintiff.

*B. F. Thomas & T. S. Harlow*, for the defendants.

COLT, J.  The funds of the insurance company of which the individual defendants were directors were held in trust to pay the debts of the company.  The bill charges that the directors negligently and fraudulently applied these funds to other purposes by distributing them among themselves and other stockholders, and these allegations, as already held in this case on demurrer, are sufficient to give the court jurisdiction in equity.  101 Mass. 562.

The case was sent to a master to report the facts, and is reserved upon his report. It appears that the plaintiff is the holder of a judgment against the company, in part unsatisfied, which was recovered upon a policy of insurance held by her, at the end of a protracted litigation in which the company denied all liability. While that litigation was in progress, the business of the company was closed up by vote of the directors, the outstanding policies were cancelled and dividends paid to policy holders. The master finds that the plaintiff's claim was contested in good faith by advice of counsel; that a sum was reserved by the directors which was thought in good faith to be sufficient to meet expenses and all claims against the company, including the plaintiff's; that the defendants did not intend to deprive the company of the means to pay the plaintiff, if ultimately adjudged liable but that the dividends paid and the expenses incurred in keeping the office of the company open for so long a time had alone produced that effect, so that the company is now without means to pay the amount of the plaintiff's judgment.

The master further finds that the directors did not estimate with proper care the amount which would be required for the payment of outstanding claims with the costs and expenses thereafter to be incurred, and states that it was not necessary, in his opinion, to have kept open the office and to have continued the president's salary for so long time.

These findings do not support the allegations necessary to maintain the bill. The plaintiff's claim is based upon the alleged fraud of the directors, or such misconduct as amounts to fraud. They are charged with intentionally and knowingly dividing the assets so as to deprive the plaintiff of her debt, and that charge is not proved. As directors of an insurance company, they are not responsible for the debts of the corporation, provided they have complied with the requirements of the statutes defining their duties, and have managed its affairs without fraud. They are not responsible for mere errors of judgment or want of prudence in conducting or closing up its business.

*Bill dismissed, with costs.*