STEARNS R. ELLIS & others *vs.* FRENCH CANADIAN
CO-OPERATIVE ASSOCIATION & others.

Essex.    November 8, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Corporation*, Liability of directors.    *Co-operative Companies.*

Under R. L. c. 110, § 58, cl. 1, the directors of a corporation are not made liable for
its debts and contracts by the declaration and payment of dividends when
the corporation is not in fact insolvent and is not thereby rendered insolvent,
although the payment of the dividends is one of the causes which ultimately
result in the insolvency of the corporation.

If the directors of a co-operative trading corporation have acted in good faith and
have been free from intentional fraud, the violation by them of the provision of
R. L. c. 110, § 69, that no distribution shall be made by such a corporation un-
less at least ten per cent of the net profits have been appropriated for a contin-
gent or sinking fund, until an amount has accumulated equal to thirty per cent
of its capital stock, does not make the directors liable to creditors of the cor-
poration for its debts and contracts.

KNOWLTON, C. J.    This is a suit in equity brought by cred-
itors of the defendant corporation to enforce an alleged liability
of the directors, founded on their declaration and payment of
dividends when, according to the averment, the corporation was
insolvent, or was thereby rendered insolvent.    The case was re-
ferred to a master who found for the defendants.    The Superior
Court overruled the plaintiffs' exceptions to the master's report,
and made a decree dismissing the bill.    The plaintiffs appealed.

The suit is brought under the R. L. c. 110, § 58.    This section
and the sections immediately following it are intended to cover
the whole subject of the liability of officers and stockholders for
the debts of corporations which are subject to the provisions of
that chapter.    It begins with these words: " The officers of a
corporation which is subject to the provisions of this chapter
shall be jointly and severally liable for its debts and contracts
in the following cases, and not otherwise."    The first mentioned
case of liability of the president and directors of a corporation is
" for making or consenting to a dividend if the corporation is or
thereby is rendered insolvent, to the extent of such dividend."

The master has found that, at the time of the declaration and

payment of the several dividends made in this case, the corporation was not in fact insolvent and was not thereby rendered insolvent. He found that the payment of dividends did not immediately produce insolvency, either by reducing the assets of the corporation below the amount of its debts, or by depriving it of its cash resources needed for the payment of its immediate obligations, in such a way as to bring its creditors down upon it in a simultaneous demand for payment of their debts. The master found that making these dividends was one of the causes of the ultimate insolvency of the corporation, and the plaintiffs contend that this finding brings the case within the statute quoted above.

We are of opinion that the master was right in his construction of the statute. The provision was not intended to create a liability for paying a dividend when a corporation is solvent, and remains solvent after the payment is made. If a corporation which has once paid dividends becomes insolvent at any time afterwards, the payment may be one of the causes from which the insolvency finally results; but so far as this provision is concerned, there is no violation of law in making a dividend, unless the company is then insolvent, or is actually rendered insolvent thereby, even though the dividend may be one of several causes of insolvency which results a considerable time afterwards.

The dividends in this case were made in violation of R. L. c. 110, § 69, which forbids a distribution of earnings in such a corporation " unless at least ten per cent of the net profits have been appropriated for a contingent or sinking fund, until an amount has accumulated equal to thirty per cent of its capital stock." Disobedience of this prohibition is not made a ground of liability of the officers to the creditors of a corporation. The section which is quoted does not include this as one of the cases in which the creditors may proceed against officers, and in terms it excludes liability in all cases other than those expressly mentioned. If fraud or any other conceivable misconduct of officers of a corporation would entitle creditors to proceed against them for a remedy outside of this statute, which we do not intimate, we think it plain that the statute covers the whole subject of liability to creditors, as distinguished from liability to the corporation itself, for mere official delinquency. *Commonwealth* v.

*Cooley,* 10 Pick. 37.  *Commonwealth* v. *Rumford Chemical Works,* 16 Gray, 231, 232.  The master has found that the directors, in their management of the corporation and in making the dividends, acted in good faith, and were free from intentional fraud. Their disregard of this provision of the statute and their failure in other particulars to exercise good judgment in the management of the business does not give the creditors a right to hold them for the debts of the corporation.

The evidence is not reported, and there is nothing to indicate that any one of the master's findings of fact is erroneous.

*Decree affirmed.*

*M. A. Cregg,* for the plaintiffs.
*C. H. Rogers,* for the defendants.