## ALFRED W. PUTNAM, trustee in bankruptcy, vs. HERBERT L. HANDY.

Suffolk.    November 22, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Corporation*, Officers and agents.  *Agency*, Principal bound by agent's knowl-
edge.  *Attorney at Law.  Fraud.  Equity Jurisdiction*, To relieve from
results of fraud.  *Sale*, Of perishable property.  *Officer.  Attachment.
Evidence*, Officer's return, Presumptions and burden of proof.

One, who is the president and a member of the board of directors of, and owner
of a controlling interest in, a corporation, occupies a fiduciary relation to
it, and, while he is not responsible for errors of judgment, he is charged with
the duty of caring for its property and managing its affairs honestly and in
good faith; and he can be compelled by a suit in equity to make an account-
ing and full restitution to the corporation for an impairment of its assets
or loss of its property resulting from a violation of such duty.

One, who is an officer of, and owner of a controlling interest in, a corporation, is
bound by the knowledge of counsel employed by him in transactions relating
to a transfer of the corporation's assets and to its financial reorganization
under a new name.

In a suit in equity by the trustee in bankruptcy of a corporation against one,
who had been its president, a member of its board of directors and the con-
trolling influence in its management, to require the defendant to account
for an impairment of the assets of the corporation, a master found the follow-
ing facts in substance: At a time when, to the knowledge of the defendant,
the corporation was insolvent, owed the defendant over $80,000, and owed
other creditors, and had conveyed its real estate and machinery under a
mortgage to secure the payment of an issue of bonds, the defendant caused
an action to be brought in his behalf against the corporation and attached
all of its tangible personal property excepting that covered by the mortgage.
He then requested the attaching officer to sell the property as perishable.
The officer went through the statutory form of an appraisal of the property,
and it was sold for less than one half its value.  The property was not
perishable and the expense of the maintenance of a keeper was merely
nominal.  The only notice of sale given was by posting in a public place
forty-eight hours before the sale.  The property was purchased by an office
associate and stenographer of the defendant's counsel, who conveyed it
to a new corporation which had been organized in the meantime by the
defendant's counsel.  The defendant's counsel, who then was in possession
under the mortgage to secure the bond issue of the corporation, leased the
real estate and machinery to the new corporation for a rental equal to the
amount of interest upon the bonds to secure which the mortgage had been
given.  The first corporation thus was stripped of all available assets and
ceased to do business.  *Held*, that

(1) The facts disclosed that the defendant deliberately sacrificed the interests of the corporation which he had been bound reasonably to protect;

(2) A return by the attaching officer upon the writ tending to show regularity in the sale was not conclusive in the defendant's favor and afforded him no justification for his misconduct;

(3) The corporation itself would have been entitled to relief from the acts of the defendant, and the plaintiff had succeeded to that right and was entitled to maintain the suit.

BILL IN EQUITY, filed in the Superior Court on November 21, 1921, by the trustee in bankruptcy of the United States Leatheroid and Rubber Company against one who had been its president, a member of its board of directors, and the owner of bonds in a large amount secured by a mortgage upon its property, as well as the controlling influence of the corporation, seeking an accounting by the defendant for the fair value of property of the corporation alleged to have been attached and sold by him for less than its value in violation of his duty as an officer of the corporation.

In the Superior Court, the case was referred to a master. Material findings by the master are described in the opinion. Objections to the report were waived.

The suit was heard upon the pleadings and the master's report by *Sanderson*, J. Requests for rulings were made by the defendant, which, with the action thereon by the judge, were as follows:

" 1. In the absence of fraud, the certificate of the appraisers under G. L. c. 233, § 92, that the attached property is liable to perish or waste or to greatly decrease in value by keeping or cannot be kept without great and disproportionate expense is conclusive upon the defendant in the original attachment suit." Denied.

" 2. In the absence of fraud, the certificate of the appraisers under G. L. c. 223, § 92, that the attached property is liable to perish or waste or to greatly decrease in value by keeping or cannot be kept without great and disproportionate expense is conclusive upon the defendant in the original attachment suit, and is conclusive upon the trustee in bankruptcy of such defendant subsequently appointed." Denied.

" 3. In the absence of fraud, the certificate of the appraisers under G. L. c. 223, § 92, as to their appraisal of the value of the attached property is conclusive upon the defendant in the original attachment suit upon the question of value and such original defendant, by reason of its failure to redeem at the appraised value under the provisions of § 93, is concluded in the absence of fraud from claiming as against the attaching officer or against the plaintiff that the attached goods were of greater value." Denied.

" 4. When the original defendant is concluded from making a claim that the goods were of greater value than the appraised value in accordance with the principle laid down in requested ruling No. 3, a trustee in bankruptcy of the original defendant subsequently appointed is also concluded." Granted.

" 5. One who is president and director of a corporation owes no fiduciary duty to the creditors of the corporation except as worked out through a duty to and enforceable by the corporation." Granted.

" 6. The trustee in bankruptcy has no greater right than his bankrupt except to recover (1) Property, the transfer of which by the bankrupt, created a preference, or the enforcement of a claim against a party for whose benefit the preferential transfer was made. (2) Property fraudulently conveyed by the bankrupt." Granted.

" 7. The plaintiff in this action, as trustee in bankruptcy, had no greater right against the defendant than would the corporation of which he was trustee." Granted.

" 8. The corporation, of which the plaintiff was trustee, could not have maintained this action against the defendant." Denied.

" 9. The plaintiff cannot maintain this action upon the claim that the defendant should have caused sheriff's sale to be further advertised, it appearing in the master's report that there was no evidence that such further advertising would have produced a greater amount at a sale." Denied.

The judge filed a statement that upon " the master's report and inferences to be drawn therefrom, a decree may be entered for the payment by the defendant to the plaintiff

of $5,843.21, being the difference between the amount which the property brought and its value as found by the master, with interest from March 30, 1921, together with taxable costs of suit." A final decree accordingly was entered directing the defendant to pay the plaintiff $6,482.27 and costs. The defendant appealed.

The case was submitted on briefs.

*W. R. Buckminster & J. E. Crowley,* for the defendant.

*A. W. Putnam,* trustee in bankruptcy, *pro se.*

BRALEY, J. The defendant having waived his exceptions to the master's report and not having appealed from the interlocutory decree confirming the report, the question for decision is, whether, on the pleadings and the report, with such reasonable inferences of fact therefrom as the trial court could draw, the final decree should be reversed. *Forino Co. Inc.* v. *Karnheim,* 240 Mass. 574, 580.

The plaintiff is the duly appointed trustee in bankruptcy of the United States Leatheroid and Rubber Company, a domestic corporation which was adjudged a bankrupt on May 4, 1921. The defendant, who was a director and president of the company, while not responsible for errors of judgment, was a fiduciary charged with the duty of caring for the property of the corporation and of managing its affairs honestly and in good faith. If this duty has been so violated as to result in impairment of assets, or loss of its property, or of profit to himself, he can be compelled to make full restitution. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 476, and cases cited, *Lazenby* v. *Henderson,* 241 Mass. 177.

The company, which the master finds " at all times . . . was insolvent," owed the defendant over $80,000, and on February 11, 1921, with knowledge of the company's financial condition, and of the indebtedness due to other creditors, he caused all its tangible personal property except that which was covered by mortgage to be attached, and a keeper placed in charge.

It may be said at the outset that in what subsequently took place under the attachment, Handy is bound by the knowledge of his counsel within the scope of his employment. *Raynes* v. *Sharp,* 238 Mass. 20.

Handy's counsel on March 17, 1921, requested the attaching officer to sell the property, attached in the action against the corporation, as perishable under G. L. c. 223, § 88. The officer's return shows that under the proceedings required by § § 89, 91, 92, Handy chose one of the appraisers who had been the keeper, the officer chose an appraiser " to represent the defendant, the defendant not appearing," and also selected the third [the corporation] appraiser. The defendant company, an interested party, was entitled under § 89 to notice of the proposed sale. *Pollard* v. *Baker*, 101 Mass. 259, 261. But the master reports that he cannot determine whether the directors had such notice, and he finds that of the appraisers, the appraiser selected by Handy was alone qualified to determine the value of the property. It is also found that the company did not defend the action, and that counsel were not retained to protect its interests. The master further finds that in fact the property was not perishable, and the expense of a keeper was merely nominal. In this connection, and as bearing on the conduct of Handy, the following finding is made: " that the usual method of conducting a sheriff's sale of goods in attachment is to post a notice, but that sometimes, though not often, a sale is advertised . . . in the newspapers, but . . . the only notice was by posting in the town hall . . . forty-eight hours before the sale." It appears from further findings, that the property, which was worth $10,043.21, was valued by the appraisers at $4,195, and was sold for $4,200 to an office associate and stenographer of defendant's counsel. A corporation known as the Middlesex Rubber Company had been organized in the meantime by defendant's counsel, to which the purchaser at the sale transferred the " merchandise formerly owned" by the Leatheroid Company. Immediately following this transfer defendant's counsel, who was the mortgagee in possession under foreclosure of a mortgage on the real estate and machinery of the Leatheroid Company, executed and delivered to the Middlesex Company a lease thereof, the rental being fixed at an amount equal to the interest on the bonds of the Leatheroid Company, to secure which the mortgage had been given. The bankrupt

corporation, stripped of all available assets, thereupon ceased to transact business, and the Middlesex Company took possession of all its real and tangible property. The defendant was a holder of certain of the bonds secured by the mortgage, and the transactions above described enabled him even if he was not a director, officer or stockholder in the Middlesex Company, to obtain in common with other bondholders, the payment of interest as it fell due on the bonds.

What has been said sufficiently shows, that the interests of the corporation, which the defendant was bound reasonably to protect, and conserve, he deliberately sacrificed, or as stated in the report, he did not care " what happened to the assets of the company." *United Zinc Co.* v. *Harwood, supra.* *Allen-Foster-Willett Co. petitioner,* 227 Mass. 551. *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95, 120.

It is contended by the defendant, that the officer's return showing his action on the attachment, which included the appraisal, is conclusive, and cannot be collaterally attacked. It is true, that in the absence of fraud, an officer's return as between the parties and their privies, is conclusive as to all matters which are properly the subject of a return by him. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334. *Crocker* v. *Baker,* 18 Pick. 407, 412. But in the present case the entire proceedings were originated, and conducted by the defendant in such a manner, as to cause a very substantial loss to the company whose interests as we have said he was bound reasonably to protect. The officer's return under such circumstances affords no justification for his own misconduct.

It is next contended, that, the corporation being without a remedy, the plaintiff cannot prevail. It is settled however that on the record the corporation would have been entitled to relief. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. *United Zinc Co.* v. *Harwood, supra. Cosmopolitan Trust Co.* v. *Mitchell, supra.*

The trial court not only rightly declined to give the defendant's first, second, third, eighth and ninth requests, but was justified in ordering the defendant to pay the plaintiff

$5,843.21, the difference between the amount received at the sale by the officer and the value found by the master, with interest from March 30, 1921, the date of the sale. The decree must be affirmed with costs of the appeal.

*Ordered accordingly.*