DANIEL C. MANNING, trustee in bankruptcy, *vs.*
CHARLES E. CAMPBELL & others.

Suffolk.    June 28, 1928. — September 15, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Corporation,* Officers and agents. *Equity Jurisdiction,* To enforce liability of directors of corporation. *Equity Pleading and Practice,* Parties, Bill. *Bankruptcy,* Trustee's rights. *Negligence,* Of directors of corporation.

Directors of a business corporation are fiduciaries charged with the duty of caring for its property and of managing its affairs honestly and in good faith, and of reasonably protecting and conserving its interests.

If such duty has been violated by directors so as to result in impairment of the corporate assets, or loss of its property, or in profit to the directors, they can be compelled to make full restitution in a suit in equity by the corporation, irrespective of their statutory liability to creditors

for debts or contracts of the corporation under G. L. c. 156, §§ 36 *et seq.*, and irrespective of its debts, contracts and creditors.

In the bill in a suit in equity by the trustee in bankruptcy of a corporation against its directors, one of whom was its president and another its treasurer, the plaintiff alleged that the directors, negligently assuming to be accurate book values of part of the assets which the president had fraudulently inflated, declared a dividend at a time when the corporation had a deficit; that they negligently permitted the treasurer to pay a debt to the corporation by selling to it its own stock at a price in excess of the price then being paid by the public, thereby fraudulently depleting the assets and making the corporation insolvent; that they allowed the president to pay a debt to the corporation by transferring to it its own stock at par at a time when it was insolvent; that they negligently allowed the corporation to enter upon *ultra vires* transactions by assuming the treasurer's debt to a bank for stock purchased by him and by purchasing certain real estate from the treasurer; that they negligently permitted the dissipation of the corporation's assets and lent its money without power or authority; and that the corporation suffered substantial loss which would have been avoided if they had exercised due care. The defendants filed demurrers, which were overruled. *Held*, that

(1) The suit was not based on the provisions of G. L. c. 156, §§ 36 *et seq.*, and could be maintained without allegations as to the debts, contracts, and creditors of the corporation;

(2) The allegations of negligence and mismanagement were sufficiently definite;

(3) Upon the allegations of the bill, the corporation before bankruptcy could have maintained a suit for reimbursement for losses sustained through the conduct of the defendants;

(4) Such right was an asset and passed to the plaintiff as trustee in bankruptcy of the corporation, thereby enabling him to maintain the suit in place of the corporation;

(5) The demurrers properly were overruled.

BILL IN EQUITY, filed in the Superior Court on July 25, 1927, by the trustees in bankruptcy of Campbell Electric Company against its directors, one of whom was its president and another its treasurer. After the resignation of the original trustees, the present plaintiff was allowed to prosecute the suit as succeeding trustee.

The allegations of the bill are described in the opinion. Five of the defendants demurred on the grounds, among others, that the plaintiff had no right as trustee in bankruptcy to prosecute the suit; that no authority to bring the bill was alleged; that no ground for relief in equity appeared and that the Campbell Electric Company was not made a party. Other grounds asserted were the following:

"5. The substantive facts necessary to constitute any cause of action, if indeed one could arise, which the defendants deny, are not stated with substantial certainty, and the plaintiff does not specify what acts or negligence of the defendants create such cause of action as he alleges.

"6. The bill contains no allegations of fact warranting any conclusion that if any creditors of the bankrupt company could have or, in fact, did have any claim whatsoever against the defendants, such creditors could have had such relief as the plaintiff seeks; nor does the bill allege who such creditors were or that such creditors were the same creditors who were or are entitled to prove in bankruptcy.

"7. The bill does not allege that any creditors of the bankrupt company for whom said plaintiff may profess to act were creditors within the meaning of the bankruptcy act, and the court has no jurisdiction to entertain a bill based upon any allegations contained therein of negligence or gross negligence or acts or conduct of the defendants against persons who may at some time past have been creditors of the bankrupt, but have ceased to be creditors before the filing of the petition in bankruptcy against said Campbell Electric Company and are not persons entitled to prove claims in bankruptcy.

"8. The plaintiff does not allege that the bill is brought on behalf of the stockholders of said corporation, and the contrary appears, said trustee not being trustee for the stockholders of said Campbell Electric Company."

"11. There is no authority or equity jurisdiction for such bill of complaint, to wit, by this plaintiff as trustee in bankruptcy of a corporation against the directors of the corporation for any negligence, acts or conduct as alleged in the bill."

The demurrers were heard by *Morton*, J., who ordered them overruled and reported the suit under G. L. c. 231, § 111, for determination by this court.

The case was submitted on briefs.

*H. R. Mayo, E. J. Connor, & D. J. Donahue*, for the defendants.

*A. G. Gould*, for the plaintiff.

SANDERSON, J.   The original plaintiffs were trustees in bankruptcy of Campbell Electric Company, a corporation hereinafter referred to as the company, and they brought this bill against the directors to recover losses sustained by the company because of the failure of the defendants to administer its business with the care and fidelity required of directors.   In the Superior Court the demurrers filed by five of the defendants were overruled and the case was reported.

The by-laws of the company place in the hands of the directors the management, control and direction of all the business affairs of the company and its undertakings, the fixing of values and the doing of all lawful acts to carry into effect the powers of the company.

This suit is not based upon the statutory liability of directors to creditors for debts or contracts of the corporation, G. L. c. 156, §§ 36, 37, 38, 39, but is brought to enforce the common law right of a corporation to hold its officers liable for breach of their fiduciary duty to it.   The statutes have fixed the bounds of liability of officers to creditors for debts and contracts of the corporation, but they have not taken away nor limited the right of the corporation to bring suit against its directors.   *Lyman* v. *Bonney,* 118 Mass. 222. *Ellis* v. *French Canadian Co-operative Association,* 189 Mass. 566, 567.   *King* v. *Viscoloid Co.* 219 Mass. 420, 425.   *Putnam* v. *Handy,* 247 Mass. 406, 411.   *Bonner* v. *Chapin National Bank,* 251 Mass. 401, 408.   The right to maintain this suit does not depend upon any allegation as to debts or contracts of the company nor require the naming of any creditors.

The bill alleges that the defendants were directors of the company at the time the transactions occurred, one being its president and another its treasurer; that the president arbitrarily and fraudulently inflated the book value of a part of its assets in order that he might remain in office at a high salary and that the defendants negligently and carelessly assumed the figures to be true and declared a dividend; that they were grossly negligent in declaring and paying

dividends when they knew the company had no surplus but was laboring under a deficit; that before the last dividend was declared they carelessly and negligently disregarded transactions between the company and the treasurer in paying his debt to the company by selling its own stock to it at a price greatly in excess of that being paid by the public at the time, thereby fraudulently depleting the assets and making the company insolvent, and permitted its president to pay his debt to the company by transferring to it at par his stock therein when the company was insolvent; that they were negligent and completely unconcerned with the affairs of the company in permitting it to enter into an *ultra vires* transaction whereby the company took from the treasurer stock of a certain bank and assumed his obligation on a note given in payment therefor, and in permitting an *ultra vires* act in connection with the purchase of real estate from the treasurer; that they were indifferent and negligent in permitting the dissipation of the company's assets in connection with certain stock owned by it, and in loaning its money without power or authority; that, acting in concert with the directors of a corporation in which the company owned a controlling interest, they permitted the assets of that corporation to be depleted, and stood idly by while the company suffered substantial loss which would have been avoided if the defendants had acted prudently and exercised due care.

A director of a corporation, although not responsible for errors of judgment, is "a fiduciary charged with the duty of caring for the property of the corporation and of managing its affairs honestly and in good faith. If this duty has been so violated as to result in impairment of assets, or loss of its property, or . . . [in] profit to himself, he can be compelled to make full restitution." *Putnam* v. *Handy*, 247 Mass. 406, 409. *Peabody* v. *Flint*, 6 Allen, 52, 56. *Elliott* v. *Baker*, 194 Mass. 518, 523. *Young* v. *Haviland*, 215 Mass. 120, 123. *Allen-Foster-Willett Co., petitioner*, 227 Mass. 551, 556. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 120. Directors of a commercial institution have the duty of reasonably protecting and conserving the interests of the corpora-

tion. *Putnam* v. *Handy*, 247 Mass. 406, 411. *Commonwealth* v. *Dow*, 217 Mass. 473, 479. See *Briggs* v. *Spaulding*, 141 U. S. 132, 165. The alleged depletion of assets of the company resulted in personal gain to the president and treasurer. They and all other defendants authorized or permitted all of the alleged wrongful acts and knew the financial condition of the company when they declared dividends. See *Leeds Estate Building & Investment Co.* v. *Shepherd*, 36 Ch. D. 787, 798. The court said in *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252, 258: "Even the decisions by which the directors of a private business corporation have been exempted from liability for bare errors of judgment or for mere ordinary negligence in the exercise of their authorized functions have almost invariably refused, when the question has been considered, to extend that exemption to acts which were *ultra vires* or in violation of law."

The general allegations of negligence and mismanagement are sufficiently definite not to be demurrable. Upon these allegations the company before bankruptcy could have maintained a suit for reimbursement. *Von Arnim* v. *American Tube Works*, 188 Mass. 515, 520. See *Young* v. *Haviland, supra; United Zinc Co.* v. *Harwood*, 216 Mass. 474, 476. This right of action was an asset of the company and passed to its trustees in bankruptcy. Bankruptcy act, 30 U. S. Sts. at Large, 566, c. 541, § 70a, (6). *Lazenby* v. *Henderson*, 241 Mass. 177. *Putnam* v. *Handy*, 247 Mass. 406, 411. See *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 270. The plaintiff stands in the place of the company in asserting rights which it had at the time of the adjudication of bankruptcy.

The facts upon which directors' liability was held not to be established in *General Mortgage & Loan Corp.* v. *Guaranty Mortgage & Securities Corp., ante*, 253, and in *Abbot* v. *Waltham Watch Co.* 260 Mass. 81, distinguish those cases from the case at bar.

The question, whether upon the evidence the plaintiff will be able to establish the liability of each defendant, cannot now be decided.

In reaching the conclusion that the order of the Superior Court be affirmed, we have considered all grounds of demurrer argued. Those not argued are treated as waived. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346.

*Order overruling demurrer affirmed.*