C. FRANK HATHAWAY, trustee in bankruptcy, *vs.* LAURA
W. HUNTLEY.

Suffolk.    January 10, 1933. — December 28, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Corporation*, Officers and agents.  *Negligence*, Of director of corporation,
Proximate cause.  *Proximate Cause.*

A wife, who was one of four directors of a Massachusetts corporation,
the capital stock of which was owned principally by her husband,
its president, treasurer, a director and general manager, although
she was negligent in that she did not realize that she was under any
obligation as a director to take any part in the management of the
corporation and therefore did not do so but remained entirely pas-
sive, could not be compelled in a suit in equity by the trustee in
bankruptcy of the corporation to make restitution for losses sus-
tained by the corporation by reason of overdrafts by the husband
where it appeared that overdrafts which might have been dis-
covered by the exercise of care and diligence were not of a nature or
extent to affect the solvency of the corporation, that the cause of
the bankruptcy of the corporation was a policy of expansion of
business adopted by the husband, and that the negligence of the
defendant had no causal connection with the bankruptcy of the
corporation and did not materially affect the conduct of its business.
In the suit above described, it appeared from the report of a master
that the defendant's husband personally purchased a certain piece
of real estate, giving to the seller as part of the purchase price his
note secured by a mortgage on the property and a sum of money
which he borrowed on a note of the corporation indorsed by him;
that nineteen months later he conveyed the property to the defend-
ant; that the corporation note was paid by it in thirty months; that
taxes and mortgage interest were paid by the corporation; that sums
paid by the corporation as to the property exceeded the amount of rents
reserved under a lease given by the defendant's husband to the corpora-
tion; and that the corporation paid no rent as such; but it did not
appear how much, if at all, the defendant profited by reason of pay-
ments made by the corporation after the conveyance of the property
to her.  *Held*, that
      (1) The defendant as a director had no right to retain improper
payments made for her benefit as to such property, and, if such were
made, she should account therefor;
      (2) The suit was remanded for further hearing by the master **or**
the court to determine whether the defendant in that respect had
profited at the expense of the corporation, and, if so, for what sum
she should account.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated May 4, 1931.

David W. Huntley, Inc., a Massachusetts corporation, was adjudicated a bankrupt on its own petition on June 25, 1930, and the plaintiff was appointed its trustee in bankruptcy.

The bill is described in the opinion. The suit was referred to a master. Findings by the master in two reports are described in the opinion. His full findings with relation to the Hawkins Street property were as follows:

"In August 1927 Huntley personally purchased the Hawkins Street garage property, being 21–23 Hawkins Street, for $150,000. He gave back a mortgage for $135,000 and borrowed $15,000 from the Liberty Trust Company on the note of the corporation, which he personally endorsed. Huntley conveyed this property to his wife, the defendant, by deed dated March 22, 1929. Payments were made at the rate of $500 per month by the corporation on this note until it was paid in full. Huntley testified that these payments of $500 per month were the only rent that the Hawkins Street garage ever paid during this period, and he always treated it as rent.

"It appears from the books, however, that during the years 1927, 1928 and 1929, the corporation paid in addition to this note of $15,000 the interest on the first mortgage of $135,000 at 4 per cent, aggregating $13,500; and the taxes to the city of Boston on this property, aggregating $8,663.83; making the total payments on the Hawkins Street property after it was purchased by Huntley, $37,163.83.

"The lease of this property by which Huntley had sublet it to the corporation provided for a rental of $6,909 per annum to April 25, 1929, and thereafter for five years 'at such rental as may be agreed between the parties before the 25th day of April, 1929.' If the rental be computed at $6,909 per annum, as provided in the lease, from September 29, 1927, when Huntley purchased the property, until June 25, 1930, the date of bankruptcy, a period of two years, eight months and twenty-four days, it makes a total of $19,038.13. Deducting this from the total pay-

ments of $37,163.83 leaves $18,125.70 in excess of the rent stated in the lease."

Exceptions by the plaintiff to the master's report were heard by *Dillon*, J., and an interlocutory decree was entered by his order overruling them and confirming the report. Thereafter the suit was heard by *Donnelly*, J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed.

*K. B. Bond*, for the plaintiff.

*W. P. Lombard*, for the defendant.

RUGG, C.J.    This is a suit in equity by a trustee in bankruptcy of a bankrupt corporation commenced in 1931 against one of its directors to compel restitution for losses sustained by the corporation through alleged misappropriation of its funds by its treasurer, on the ground that the defendant either knew or ought to have known of such misappropriations and utterly neglected her duty as a director.    The corporation was adjudicated a bankrupt upon its own petition filed in June, 1930.

The case was referred to a master.    The evidence is not reported.    Therefore the findings of fact made by the master must be accepted as true except so far as mutually inconsistent or plainly wrong.    This court may upon the recitals contained in the report make additional or different findings by inference.    *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132, 139.

Summarily stated the material findings of the master were these: The husband of the defendant was president, treasurer, a director and the general manager of the corporation.    He held all except three shares of its stock.    One of these three shares was held by each of two of the employees and the other by the defendant and these three persons together with the husband of the defendant constituted the board of directors.    The business of the corporation was conducting three garages in different parts of Boston.    The business was carried on entirely by the defendant's husband who devoted his time exclusively to the business and was its sole and active manager as he had been before its incorporation.    The defendant never attended any

meetings of the stockholders or directors of the corporation after the first meeting of the incorporators. She never received notices of such meetings and never waived notice save on a very few occasions. No notices of meetings were ever sent as required by the by-laws. The defendant never understood or comprehended her duties as a director in the corporation, and never realized that she had any duties incumbent upon her by virtue of holding that office. She regarded the business after incorporation as merely a continuance of the business which her husband had carried on as an individual for about fifteen years before the incorporation. She signed such papers as her husband presented to her, relying entirely upon him and without concerning herself with their contents, and this includes such waivers as she signed. Separate sets of books were kept for the different garages by different bookkeepers and they were considerably involved. Nothing short of a complete audit would have enabled the defendant to know how the accounts of the corporation stood with respect to her husband at any given time. She was a woman sixty-six years old without business experience of any kind. She had never been employed at a garage or in any way acquainted with or engaged in the business of these garages. Further findings are that the defendant "took no part as a director in the management of the business of the corporation. She never examined or sought to examine the books or financial statements of the corporation. She did not know whether or not the corporation had an annual audit of its books. She did not know what the financial condition of the corporation was or whether it was making or losing money. She did not inquire of the bookkeepers about the financial condition of the company. The accountant, whom the plaintiff produced as a witness, testified that he would not say that a housewife over sixty years of age was negligent or careless because she could not understand these books which required an analysis by him to understand; and that they were difficult for any one to understand. If under the circumstances she is to be held to the same degree of care and diligence that an ordinary business man would

exercise, she would probably have discovered that Mr. Huntley was overdrawing his account to some extent, but not to such an extent as to jeopardize the solvency of the corporation." The final conclusion of the master is this: "I find that the defendant has not been guilty of bad faith or fraud in any respect in connection with the affairs of the corporation, and that her failure to comprehend and perform her duties as a director in the corporation did not cause or contribute to the bankruptcy of the corporation, or materially affect the conduct of its business." The husband of the defendant began to feel the effects of competition in business about the time of the incorporation. He adopted a policy of extension by enlarging the garages and by taking over another garage in a different section of the city. This policy proved to be unwise and resulted in the bankruptcy of the corporation.

The plaintiff represents the corporation rather than its creditors because any right of action is an asset of the corporation and passed to its trustee in bankruptcy. *Manning* v. *Campbell*, 264 Mass. 386, 391. The facts set out in the record fail to show direct liability to creditors of the corporation. *Ellis* v. *French Canadian Co-operative Association*, 189 Mass. 566. The bill is not framed on that theory. The defendant as director of a commercial corporation stood in a fiduciary relation to it. *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499. *Goodwin* v. *Agassiz*, 283 Mass. 358, 361. As such director she was charged with the duty of caring for the property of the corporation and managing its affairs honestly. *Manning* v. *Campbell*, 264 Mass. 386, 390. Directors of a business corporation in the absence of positive statutory enactment are not responsible for errors of judgment or want of prudence in conducting the business of a corporation, provided they act honestly. *Lyman* v. *Bonney*, 118 Mass. 222, 223. *Crowell & Thurlow Steamship Co.* v. *Crowell*, 280 Mass. 343, 366.

It is apparent that the defendant did not actively mismanage the corporation. She took no part in its management. She was completely passive with respect to it and did not realize that she was under any obligation to do

otherwise. This nonfeasance on her part constituted negligence. She did not exercise the degree of care which a prudent person ordinarily would use as a director. *Bowerman* v. *Hamner*, 250 U. S. 504. The finding of the master is explicit, however, that the cause of the bankruptcy of the corporation was the policy of expansion of business adopted by the husband of the defendant. There is no finding that this was even bad judgment or a want of prudence. It was adopted in a time of business prosperity. It was not adapted to the period which followed. The finding is definite that the negligence of the defendant in failing to perform her duties as director was not a cause contributing to the bankruptcy of the corporation. The evidence upon which this finding was based was not required to be and was not reported in either the original or the supplemental report. This finding is not inconsistent with other facts reported. A definite finding of this nature cannot be set aside in these conditions without full report of the evidence. *Lyons* v. *Beasley*, 262 Mass. 332. A plaintiff is not barred from recovery unless his own wrongful conduct is a contributing cause to his damage. If it is only a condition, he may maintain his action. *Perry* v. *Stanfield*, 278 Mass. 563, 570, 571. Ordinarily one cannot be held liable for conduct having no causal connection with harm constituting the plaintiff's cause of action. That rule is frequently illustrated in cases founded on negligence. *O'Connor* v. *Hickey*, 268 Mass. 454, 459. *Thibeault* v. *Poole*, 283 Mass. 480, 485, 486. *Atchison, Topeka & Santa Fé Railway* v. *Toops*, 281 U. S. 351, 354. That is a principle of wide application. Its foundation rests upon an underlying sense of justice that one ought not to be held liable for that which has caused no damage to the plaintiff. The rule has been stated to be that when defalcations or mismanagement could be detected and prevented by the exercise of ordinary care and vigilance on the part of directors of a business corporation they are personally liable for the losses sustained by their negligence. *Tri-Bullion Smelting & Development Co.* v. *Corliss*, 186 App. Div. (N. Y.) 613, 626. Even measured by this rule in the light of all the findings of the master, the defendant is not liable. The overdrafts which might have

been discovered by the exercise of care and diligence were not of a nature or extent to affect the solvency of the corporation. See *Bourne* v. *Perkins*, 42 Fed. Rep. (2d) 94, 99. The deposits made in the name of the defendant in savings banks and the purchase of shares in coöperative banks were not connected in any way with the funds of the corporation. The defendant had independent property of her own. The salary paid to the husband of the defendant was not found to be unreasonable in view of the extent of the business and the profits then being made. The only dividend paid by the corporation cannot be pronounced a breach of the defendant's duty. The finding that the negligence of the defendant had no causal connection with the bankruptcy of the corporation and did not materially affect the conduct of its business renders further discussion unnecessary. It is decisive in favor of the defendant except upon a single point now to be considered.

In August, 1927, the husband of the defendant bought the Hawkins Street garage, being one of those leased to the corporation for its business. The purchase price was $150,000 for which he gave a mortgage back for $135,000 and $15,000 borrowed on a note of the corporation indorsed by himself. Payments on this note were made by the corporation at the rate of $500 per month until it was paid in full. In March, 1929, this property was deeded to the defendant who, so far as appears by the record, has continued to hold it. The master finds that the corporation paid taxes and interest on the first mortgage for 1927, 1928 and 1929, and that the payments thus made by the corporation on account of the property from the purchase until the bankruptcy exceeded the rent due under the lease by $18,125.70. There is in the report no division of the amounts paid before the conveyance made to the defendant in March, 1929, and after that date. There is nothing to indicate that payments before that date have enriched the defendant. If the defendant since the conveyance to her has profited at the expense of the corporation by payments made on account of this property she ought to account therefor. As a director she has no right to retain such payments. The record is bare of findings of fact on

which to base a calculation, a finding or an inference on this point. There should be further hearing before the judge or a master to determine this point. For that purpose the final decree must be reversed. All other matters settled by the master's report and the final decree are to stand. See *Rubenstein* v. *Lottow*, 220 Mass. 156, 164.

*Decree accordingly.*