DOME REALTY CO. *vs.* SAMUEL ROTTENBERG & others.

Suffolk.    January 4, 1934. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Corporation*, Officers and agents. *Equity Pleading and Practice*, Amendment; Master: findings.

Where, in a suit in equity by a corporation for an accounting against one who was treasurer and a director of the plaintiff and two others who were directors, the original bill contained allegations that the first defendant made improper payments of the plaintiff's funds; and a master found that such payments were made by the first defendant, who from first to last solely managed the plaintiff corporation and conducted it generally as a personal affair, that the other defendants knew or should have known of such payments and made no objection thereto and that the other defendants should be held accountable to the corporation to the same extent as the first defendant, it was then proper to allow the plaintiff to amend the bill by adding an allegation charging the second and third defendants with a failure to perform their duties as directors.

The conclusion of the master in the suit in equity above described, that the second and third defendants should be held accountable to the plaintiff, was warranted by his other findings, especially in view of a by-law of the plaintiff providing that it should be the duty of the directors to "supervise all the affairs of the corporation and acts of its officers and employees."

In the absence of a report of the evidence in the suit in equity above described, this court could not disturb a finding by the master, which did not appear to be inconsistent with his other findings or plainly wrong, that two judgments previously obtained against the first defendant should not be credited to him in the accounting in the suit.

BILL IN EQUITY, filed in the Superior Court on April 7, 1932.

The suit was referred to a master. Material findings by him are described in the opinion. A motion by the plaintiff to amend the bill, as described in the opinion, was allowed by *Keating*, J. By order of the judge, there were entered an interlocutory decree confirming the master's report; and a final decree adjudging the defendants Samuel Rottenberg, Lena Rottenberg and Snyder indebted to the plaintiff in the sum of $6,949.27, and dismissing the bill as against the other defendants. Said three defendants appealed from both decrees.

*W. Hartstone*, for the defendants.

*H. P. L. Partridge*, for the plaintiff.

CROSBY, J. This is a suit in equity brought by the receiver of the plaintiff for an accounting. The bill alleges that the defendant Samuel Rottenberg, the plaintiff's treasurer, unlawfully made payments of money belonging to the plaintiff to certain defendants, and to persons not parties to the bill; that certain funds of the corporation were unlawfully used for other than corporate purposes; and that the defendant Morris Snyder, the clerk of the plaintiff, at the direction of Samuel Rottenberg, made unlawful payments of corporate money.

The case was submitted to a master whose report refers in detail to the unauthorized payments made and so expended. The result of his findings shows that Samuel Rottenberg (hereinafter referred to as Rottenberg) on March 27, 1933, owed the plaintiff, including interest, the sum of $6,757.72. The master found that Rottenberg, his wife, Lena, and their son, Bernard, were the only stockholders of the corporation; that Rottenberg, his wife, and Snyder constituted the board of directors; that the defendants Lena Rottenberg and Snyder knew or should have known

of the unlawful payments made by Rottenberg, as treasurer, and made no objections thereto, and they should be held accountable to the corporation to the same extent as Rottenberg; and that the other defendants are not so accountable.

After the filing of the master's report and before the entry of an interlocutory decree, the trial judge, who entered an order confirming the report, allowed the plaintiff's motion to amend the bill by adding thereto the following paragraph: "16. And the plaintiff further says that the defendants Lena Rottenberg and Morris Snyder, officers and directors of the plaintiff corporation, utterly failed and neglected to observe and perform the duties imposed on them by law and hereinbefore set forth, and, without protest, suffered and permitted the defendant Samuel Rottenberg to perform the acts hereinbefore mentioned." This amendment was properly allowed; it was necessary in view of the findings of the master to charge the defendants named in the amendment with liability with Rottenberg for the unlawful acts of Rottenberg in dealing with the corporate funds of the plaintiff. "There is no reason why the relief should not be adapted to the facts and law existing at the time of the entry of the final decree." *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203. The exception to the allowance of the amendment must be overruled.

The master having found that from first to last Rottenberg solely managed the corporation and dictated its policy and conducted it generally as a personal affair, and that the defendants Lena Rottenberg and Snyder knew or should have known of the transactions in question and made no objections thereto, the finding that these defendants should be held accountable was plainly warranted. It follows that their objections to the findings cannot rightly be sustained.

A by-law of the corporation provides that it shall be the duty of the board of directors "To supervise all the affairs of the corporation and acts of its officers and employees." Instead of complying with the duty imposed

upon them by this by-law these directors are found to have wholly disregarded it and permitted the assets of the company to be impaired. It is conceded by the defendants that the funds of a corporation can be used for corporate purposes only, and if misapplied by directors they are personally liable to the corporation for any loss caused thereby. *Guay* v. *Holland System Hull Co.* 244 Mass. 240, 247. *Dome Realty Co.* v. *Gould, ante,* 294. Although the directors could not be held responsible for mere errors of judgment, it is settled that the duty was imposed upon them to act with reasonable care in protecting and conserving the assets of the corporation. *Putnam* v. *Handy,* 247 Mass. 406, 411. *Manning* v. *Campbell,* 264 Mass. 386, 390, 391, and cases cited.

It appears from the master's report that two judgments were obtained against the defendant Rottenberg in 1932, which, he contends, should be credited to him in this suit. The master found that the amount of these judgments should not be so credited. In the absence of a report of the evidence it cannot be found that this was error on the part of the master. It does not appear from the record that in incurring these obligations on which the judgments were rendered Rottenberg acted at the request or with the knowledge of the other directors of the plaintiff. Besides, as it does not appear that he has ever paid the judgments in whole or in part he has no right of subrogation. *Westinghouse Electric & Manuf. Co.* v. *Fidelity & Deposit Co. of Maryland,* 251 Mass. 418, 421.

The evidence upon which the findings of the master were made is not reported, and as the findings are not mutually inconsistent, contradictory or plainly wrong the objections of Lena Rottenberg and Snyder to the report must be overruled. Rottenberg filed no objections to the report. The appeals from the interlocutory decree confirming the report cannot be sustained. The final decree is affirmed with costs.

*Ordered accordingly.*