Fremont-Smith, J.
Plaintiff RLI Insurance Company (“RLI”) brings this action to recover insurance premiums allegedly converted by defendant Martin Ginden Insurance Agency, Inc. (“Ginden Agency”). By its motion for summary judgment, RLI seeks to have this Court “pierce the corporate veil” and hold Martin, Alan and Richard Ginden (“the Gindens”), who were former officers and directors of Ginden Agency, personally liable for breach of fiduciary duty and conversion whereas the Gindens, having previously been denied relief from their deemed admissions (June 15, 1993 and September 1, 1993 (Barrett, J.)), again move to withdraw certain deemed admissions and for judgment on the pleadings.[1]
For the reasons which follow, defendants’ motions to withdraw deemed admissions and for summary judgment are denied and plaintiffs motion for summary judgment is also denied.
*268 BACKGROUND
In June 1982, RLI and the Ginden Agency entered into a Managing General Agency Agreement (“Agreement”). Pursuant to the Agreement, the Ginden Agency obtained excess and umbrella liability insurance policies for insureds through RLI. Over a period of years, the Ginden Agency issued endorsements to RLI policies to insureds, either increasing the amount of coverage or extending the period of coverage. As admitted by the requests for admissions, the Ginden Agency collected premiums for this insurance coverage, but failed to notify RLI or to remit some of those premiums, in the amount of $118,742. In addition, as also admitted, the Ginden Agency failed to obtain the proper reinsurance for an increase in policy limits from $1,000,000 to $5,000,000 on one of the risks. Alan, Martin and Richard Gindens (“the Gindens”) were at all relevant times officer directors and shareholders of the Ginden Agency and were actively and personally involved in the business.
Plaintiff filed this action in November 1991, and this Court (Barrett, J.) subsequently allowed RLI’s motion against each of the Gindens to deem admitted RLI’s first set of requests for admissions which establish the above facts.
DISCUSSION
Defendants’ “Emergency” Motion to Withdraw Deemed Admissions
Defendants move, pursuant to Mass.R.Civ.P. 36, to withdraw their deemed admissions to the plaintiffs requests for admissions, Nos. 5, 6 and 12-30. However, the requests were previously adjudged to have been admitted by the individual defendants. (See Order dated March 1, 1993, Barrett, J.). Consequently, the latest motion by defendants cannot correctly be characterized as an “emergency motion,” and this Court will not permit the attempted resuscitation of this issue. Accordingly, defendants’ motion to withdraw the deemed admissions is denied.
Cross Motions For Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The fact of non-payment of premiums by the Ginden Agency is established by the admissions, so the only issue here is whether the Court should “pierce the corporate veil” so as to hold the Gindens personally liable for their Agency’s admitted failure to pay the premiums to RLI. In general, however, courts are reluctant to disregard the corporate form to hold shareholders or officer-directors personally liable for the debts of a corporation. See My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968). There is, of course, a well-recognized exception to this general rule which permits a court to pierce the corporate form “for the defeat of fraud or wrong or the remedying of injustice." Hanson v. Bradley, 298 Mass. 371, 381 (1931). See also Horizon-House Microwave, Inc. v. Bassy, 21 Mass.App.Ct. 190 (1985) (“The limits of tolerance are exceeded if the corporate form is used to inflict gross inequity, injury or fraud”).
Here, while each of the individual defendants has admitted, by his deemed admissions, that the Ginden Agency failed to remit $118,742 of premiums to RLI, an issue of material fact has been properly raised by Alan Ginden’s affidavit as to whether the defendants’ failure to remit those premiums was intentional, so as to constitute conversion or fraud on the part of any of the Gindens, or was, conversely, the result of honest mistake. See Arlington Nat. Bank v. Ashwood Homes, Inc., 19 Mass.App.Ct. 503, 507 (1985) (defining conversion as the intentional misappropriation of another’s property). While conversion would certainly constitute a type of gross inequity, injury or fraud which would justify this Court to “pierce the corporate veil,” a trial is necessary to determine whether any of the Gindens engaged in conversion or fraud so as to render any of them personally liable to RLI for Ginden Agency’s non-payment of some or all of the unpaid premiums and, if so, the amount of conversion for which each defendant is responsible. Additionally, a trial is also necessary to determine whether any of the Gindens engaged in any breach of fiduciary duty which would render any one of them personally liable for the Ginden Agency’s debts. See Manning v. Campbell, 264 Mass. 386, 390 (1928); 3 W. Fletcher, Cyclopedia of Corporations at 1002 (1975). Summary judgment in favor of plaintiff RLI is therefore inappropriate.
ORDER
For the foregoing reasons it is hereby ORDERED that defendants’ motion to withdraw deemed admissions and defendants’ motion for judgment on the pleadings (treated as a motion for summary judgment) are DENIED and that plaintiff RLI’s motion for summary judgment is also DENIED.

 Because matters outside the pleadings are presented by this motion, the Court treats the Gindens’ motion for judgment on the pleadings as one for summary judgment, pursuant to Mass.R.Civ.P. 12(c).